In re Brett CURENTON, Debtor.

SOUTHTRUST BANKCARD CENTER a DIVISION OF SOUTHTRUST BANK OF ALABAMA, N.A., Plaintiff,

v.

Brett CURENTON, Defendant.

Bankruptcy No. 90–00087–RRS–13.
Ad. No. 94–00188–RRS–13.

United States Bankruptcy Court,
M.D. Alabama.

May 16, 1995.

968

Richard D. Shinbaum, of Shinbaum and Howell, Montgomery, AL, for debtor-defendant.

Rita L. Hullet, Parnell, Crum and Anderson, Montgomery, AL for creditor-plaintiff.

## OPINION ON COMPLAINT TO DETERMINE DISCHARGEABILITY

RODNEY R. STEELE, Chief Judge.

In this adversary proceeding, number 94–00188, Plaintiff has requested that this Court find that the debt owed by Defendant is non-dischargeable due to an incorrect address for Plaintiff included in Debtor's petition which resulted in insufficient service upon plaintiff. After careful consideration of the relevant cases and code sections involved as well as the facts as brought forth at trial, the court concludes that the debt owed Plaintiff is not dischargeable in this bankruptcy proceeding.

### I. Facts

The court makes the following findings of fact:

1. On or about the 26th day of March, 1990, Brett Curenton (hereinafter "Debtor" or "Defendant") filed for relief from his creditors under Chapter 13 of the Bankruptcy Code, Title 11, United States Code.

2. At the time of his filing, Debtor owed SouthTrust Bankcard Center, n/k/a South-Trust Bankcard Center, a division of SouthTrust Bank of Alabama, N.A. (hereinafter "Plaintiff") an unsecured debt arising out of credit card purchases in accordance with the terms of a credit card cardholder agreement.

3. In the schedules attached to Defendant's petition, Defendant listed a debt in the amount of $3,900.00 owed to Plaintiff.

The address for Plaintiffs which was included in these schedules was "South Trust Mastercard, 2520 East Bypass, Montgomery, Alabama." The address included in Plaintiff's previous communications with Defendant was "SouthTrust Bank Card Center, P.O. Box 122, Birmingham, AL 35281."

4. On July 9, 1991, Plaintiff filed a claim in Defendant's pending bankruptcy case. Subsequently, in an order dated August 20, 1991, this court struck Plaintiff's claim as being filed after the bar date for the filing of claims. In so ruling, the court, from the bench, specifically reserved the issue of dischargeability for a later time.

## II. Analysis

The issues this court must determine are, first whether Plaintiff received sufficient notice of Defendant's filing of a petition for relief in bankruptcy, and second, if not, does a lack of notice prevent discharge of Defendant's obligation for the debt.

### A. Sufficiency of notice

■ The first issue which this court must address is the sufficiency of the notice of bankruptcy allegedly sent to Plaintiff. On this subject, extensive testimony was offered during trial and considerable legal argument was put forth through pleadings and briefs. After careful scrutiny, the court finds that Defendant failed to properly serve notice upon Plaintiff.

The evidence adduced at trial indicates that at the insistence of attorney for debtor, Defendant or his spouse telephoned each creditor to determine the proper location for delivery of notice of bankruptcy. In so doing, Defendant or his spouse contacted a local Montgomery, Alabama branch office of South Trust Bank. The address allegedly given was the mailing address of the main office of the entity SouthTrust Bank of Montgomery.[1]

At the time of filing of his petition for relief, Defendant owed Plaintiff a debt on an open credit card account; however, neither defendant nor his spouse owed any debt to SouthTrust Bank of Montgomery. Nor, furthermore, did Defendant or his spouse have any depository accounts in said institution.

■ The credible testimony of Ms. Dot Wright, witness for Plaintiff, indicates that SouthTrust Bank of Montgomery and Plaintiff, SouthTrust Bankcard Center were, at the time of Defendant's filing, separate subsidiary entities within the corporate family of SouthTrust Bank of Alabama, N.A.. However, notice to one subsidiary does not necessarily act to bind all other subsidiaries or the parent corporation. *Ford Motor Credit Co. v. Weaver,* 680 F.2d 451 (6th Cir. (Tenn.) 1982) Service of process is good only where served on an agent authorized to receive such service. *In re Alton,* 837 F.2d 457 (11th Cir. (Fla.) 1988).

Based on the foregoing facts and law, this court finds the service of process upon SouthTrust Bankcard Center insufficient.

■ In his pleadings, Defendant raised the affirmative defense of res judicata. The court, however, finds this defense inapplicable. Res judicata is:

A matter adjudged; a thing judicially acted upon or decided; a thing or matter settled by judgment. Rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. And to be applicable, requires identity in thing sued for as well as identity of cause of action, of persons and parties to action, and of quality in persons for or against whom claim is made. **The sum and substance of the whole rule is that a**

---

1. Mrs. Curenton also testified that, during the pendency of this adversary proceeding, she again called the same local branch office and was again directed to send all correspondence to the main Montgomery office of the bank. However, between the time of filing of Defendant's petition for relief and the bank's filing of this adversarial complaint, major restructuring of the corporate form of South Trust Bank and its affiliates occurred. Therefore, any evidence regarding the proper address for service of process upon the bank in 1995 is wholly irrelevant to a similar question for 1990.

matter once judicially decided is finally decided.

*Black's Law Dictionary,* 1174 (5th ed., 1979) (cites omitted) (emphasis added). In earlier proceedings in this case, the court was called upon to determine an objection to a proof of claim. Debtor petitioned the court to strike the claim of SouthTrust Bankcard Center on the grounds that said claim was filed beyond the bar date. The court then made the determination that the claim was "late filed" under Bankruptcy Rule 3002 and therefore to be stricken. However, no finding was made regarding the sufficiency of notice to SouthTrust Bankcard Center. Rule 3002(c) provides clear language that a claim must be filed within 90 days of the first setting of the § 341 meeting of creditors. As such, this rule is a strict statute of limitations. *See In re Turner,* 157 B.R. 904 (Bankr.N.D.Ala. 1993). Insufficient notice is no defense to the late filing of a claim. *In re International Resorts, Inc.,* 74 B.R. 428 (Bankr.N.D.Ala. 1987). Therefore, no determination of sufficiency of notice was required and thus the doctrine of res judicata does not apply.[2]

### B. Dischargeability of debt

■ The second issue is what is the appropriate remedy for the failure of Defendant to sufficiently notify Plaintiff of the pending bankruptcy case. This court holds that Defendant's failure to comply with the terms of Bankruptcy Code § 521(1) and Rule 1007(a)(1) renders this debt non-dischargeable.

The insufficiency of notice found above is a direct result of Defendant's failure to comply with the terms of 11 U.S.C. § 521(1), and Bankruptcy Rule 1007(a)(1). These provi-

sions, when read in conjunction, require a debtor in a Chapter 13 case to provide a list or schedule of all creditors. Such schedule must contain accurate information regarding the creditor's address.

■ A failure to properly notify creditors of the pending bankruptcy may have the effect of limiting or prohibiting participation in a debtor's liquidation or rehabilitation under the Bankruptcy Code. The underlying principle of bankruptcy law is the concept of a "fresh start," *see eg. In re McCormick,* 49 F.3d 1524 (11 Cir. (Fla.) 1995), in which a debtor is absolved of many, if not all, financial liabilities in order to restructure his or her fiscal situation. However, such a fresh start must not be used to unjustly deny fair and adequate compensation to a particular creditor. Because Rule 3002(c) provides a strict statute of limitations on the filing of claims in a Chapter 13 case, *See* § II(a) supra, debtors are under an obligation to properly notify each and every creditor of the commencement of a bankruptcy case.

■ Defendant has responded that regardless of any alleged failure to properly list Plaintiff resulting in inadequate notice, the debt is, none-the-less, dischargeable by operation of § 1328. Section 1328 provides, in pertinent part:

[T]he court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title;

(2) of the kind specified in paragraphs (5), (8), or (9) of section 523(a) of this title; or

---

2. During a preliminary hearing on this matter, counsel for defendant cited this court to several cases for the proposition that a determination of sufficiency of notice is implicitly or explicitly required prior to striking a claim for an untimely proof of claim. These cases are: *Peralta v. Heights Medical Center,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), *Greene v. Lindsey,* 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982), *City of New York v. New York, New Haven & Hartford RR Co.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and *Pettibone Corporation v. Payne,* 151 B.R. 166 (Bankr.N.D.Ill.1993). How-

ever, upon a complete reading of each case, rather than a mere reliance on the case synopsis and headnotes, it is clear that none of these cases are relevant, much less mandatory authority, for the question at hand: whether insufficient notice is a defense to a motion to strike an untimely claim in a Chapter 13 proceeding. Only *Pettibone* was decided under the Bankruptcy Code. *Pettibone* was a determination that a tardy claim could be filed in a Chapter 11 proceeding. However, Rule 3002(c), under which Plaintiff's claim was stricken, does not apply in Chapter 11 cases. Therefore, *Pettibone,* like the other cited cases, sheds little or no light on the subject. The court cautions counsel, *res accendent lumina rebus.*

(3) for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime.

Since none of the exceptions listed in § 1328(a) one through three apply and since the claim for this particular debt was disallowed under § 502(b)(9), Defendant argues that the debt is dischargeable. This court respectfully disagrees. This court holds that any debt not adequately listed in debtor's schedules is not "provided for by the plan." *In re Gamble,* 85 B.R. 150, 152 (Bankr. N.D.Ala.1988)

■ Furthermore, this court is controlled by the Eleventh Circuit decision of *In re Spring Valley Farms, Inc.,* 863 F.2d 832 (11th Cir. (Ala.) 1989). In *Spring Valley,* a Chapter 11 case, the court held that the provisions of 11 U.S.C. § 1141(d)(1)(A) (discharge of all pre-confirmation debts) did not discharge an obligation where the creditor failed to receive notice. Chapter 13, like Chapter 11, has a very broad discharge provision, a provision which, on its face, acts to relieve the debtor of an unscheduled debt; however, to do so prevents a creditor's due process right to notice and an opportunity to be heard. *Spring Valley,* at 835; *see also Reliable Electric Co., Inc. v. Olson Construction Co.,* 726 F.2d 620 (10 Cir. (Col.) 1984); *In re Scott,* 119 B.R. 818 (Bankr.M.D.Ala. 1990).

### III. Conclusion

SouthTrust Bank of Montgomery and SouthTrust Bankcard Center are separate entities. Therefore, service upon one does not necessarily provide service upon the other. The court finds that Plaintiff failed to receive proper notice of Defendant's bankruptcy filing due to an inadequate listing in Defendant's schedules. The court further holds that discharge of Defendant's obligation to Plaintiff is to be denied in this proceeding.

An appropriate order shall enter.