**In re Stephanie D. SMITH.**

**Bankruptcy No. 95–42998 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Jan. 8, 1998.

Henry Means, Little Rock, AR, for Debtor.

Connie Meskimen, Little Rock, AR, for Creditor.

David D. Coop, Little Rock, AR, Chapter 13 Trustee.

---

## ORDER OVERRULING OBJECTION
## TO CLAIM

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the debtor's Objection to Claim filed on November 5, 1997. This bankruptcy case was filed on October 10, 1995, the debtor filing complete schedules and a plan on that date. Included in the list of creditors was

SLGF c/o

Regional Adj Bureau, Inc.,

P.O. Box 34111,

Memphis TN 38184,

which was listed as being owed $1069.14.[1] "SLGF" refers to Student Loan Guaranty Foundation. The claimant is the Student Loan Guaranty Foundation of Arkansas, a private nonprofit corporation agency which administers the student loan provisions of federal law. Ark.Code § 6–81–201. The "Regional Adjustment Bureau, Inc." is the entity that the SLGF hired, Ark.Code § 6–81–129, to collect and process loan payments. The Regional Adjustment Bureau is only a collection agency and has no authority to appear in this Court on behalf of the SLGF or otherwise file legal documents, including a proof of claim, in this bankruptcy proceeding.

On October 15, 1997, two years after the filing of the bankruptcy case, the SLGF filed its proof of claim in the amount of $3,233.42. The debtor objected to this claim on the basis that it was untimely, although she readily admits that this creditor was never given notice of the bankruptcy case. Rather, she asserts that notice to the collection agency was sufficient to provide notice of the bankruptcy to the holder of the claim. The Court does not agree.

The Bankruptcy Code requires that all holders of claims be given notice of a bankruptcy case. 11 U.S.C. § 342. It is the duty of the debtor to submit a list of all creditors with proper addresses. Fed. R. Bankr.P. 1007(a). In the instant case, the evidence is that the holder of the claim is the SLGF of Arkansas. Accordingly, the debtor was required to list the Arkansas Student Loan Authority on her schedules and list of creditors and provide it with notice of the bankruptcy case.[2] See In re Doersam, 60 B.R. 130, 132 (Bankr.S.D.Ohio 1986), aff'd, 849 F.2d 237 (6th Cir.1988)("having failed to give the notice in accordance with due process, debtor may not complain that the objection ...was filed late."); In re Barnett, 42 B.R. 254, 256 (Bankr.S.D.N.Y.1984). Serving the collection agency with the notice was insufficient. Indeed, this Court has previously indicated in a published opinion that service to a collection agency is inappropriate and that such information from a debtor should prompt counsel to inquire further as to the appropriate creditor and address. See In re McElhaney, 142 B.R. 311 (Bankr.E.D.Ark. 1992) (citing Sears, Roebuck & Co. v. Reeves (In re Reeves), 127 B.R. 866, 868 (Bankr. S.D.Cal.1991)("The [defendant's] inaction should have alerted Sears to inquire as to whether proper service was effected or at least should have triggered a review of the file.")).

The debtor did not properly serve the creditor SLGF with notice of the bankruptcy case as required by the Bankruptcy Code and Rules. Since the creditor did not have proper or adequate notice of the bankruptcy case, due to the failure of the debtor to properly schedule that creditor, it is appropriate for the Court to allow the late-filed proof of claim.[3] In re Barnett, 42 B.R. 254

1. The debtor apparently believed that this was the amount owed based upon the letter from this collection agency seeking payment of a delinquency. The letter indicates that the delinquent amount was $1069.14, but did not state the full amount of the debt.

2. The fact that the note signed by the debtor also specifically required debtor to provide notice to the Student Loan Guarantee Foundation of Arkansas, although noteworthy, is not controlling. Even without that term in the contract, the debtor is required to give proper notice to holders of

claims, including guarantors. In re Barnett, 42 B.R. 254, 256 (Bankr.S.D.N.Y.1984)("PHEAA was entitled to its own direct notice of the proceedings so that it might take what action it wished in the case.").

3. Even if the Court sustained the objection to the proof of claim as untimely filed, the debtor is not benefitted because the debt would not be discharged. While it is true that a nondischargeable debt "provided for" in the plan may be discharged upon the failure of the creditor to file a proof of claim, that rule does not apply where

(Bankr.S.D.N.Y.1984). *Cf. In re Somar Concrete, Inc.,* 102 B.R. 44, 49–50 (Bankr.D.Md. 1989). It is

**ORDERED** that the debtor's Objection to Claim filed on November 5, 1997, is Overruled. The claim shall be allowed in its entirety.

**IT IS SO ORDERED.**

the creditor fails to file a proof of claim due to a lack of notice of the bankruptcy. *In re Somar Concrete, Inc.,* 102 B.R. 44, 49 n. 3 (Bankr.D.Md. 1989).