**In re Leverne & Loretta McQUEEN, and Richard M. Castle and Tonya Mae Brown and Eugene & Anita Toivonen and Doris Ann Berry and John Sands and Jacqueline Johnson and Tommy & Martha Thomas and Arthur & Cindy Saulsberry and Ruth Cleopeachteria Buck and Kimberly Ann Williams and Carlton Butrumn Craighead and Chasa A. Leak and Robert & Terri Sykes and Dorothy L Johnson.**

Bankruptcy Nos. 396–10336, 396–10673, 397–01086, 397–02580, 397–04930, 397–07054, 397–07974, 397–08255, 397–08451, 397–09263, 397–09937, 397–10246, 397–10729, 398–00170 and 398–01003.

United States Bankruptcy Court,
M.D. Tennessee,
Nashville Division.

Dec. 15, 1998.

Henry E. Hildebrand, Sharon R. Hawkins, Chapter 13 Trustee's Office, Nashville, TN.

Christine Zellar–Church, Clarksville, TN, for debtor.

Michael K. Williamson, Clarksville, TN, for creditor.

Perry Happle, Nashville, TN, for debtor.

Joseph P. Rusnack, Tune Entrekin & White, P.C., Nashville, TN, for creditor.

Alex Meacham, Lavergne, TN, for debtor.

Lloyd E. Mueller, Special Assistant, United States Attorney, Nashville, TN, for creditor.

William Roehrig, Gallatin, TN, for debtor.

Vicki L. Miller, Special Assistant, United States Attorney, Nashville, TN, for creditor.

Sheri Gonyea, Clarksville, TN, for debtor.

Lloyd E. Mueller, Special Assistant, United States Attorney, Nashville, TN, for creditor.

Edgar Rothschild, Rothschild & Associates, Nashville, TN, for debtor.

James Flexer, Nashville, TN, for debtor.

Jeanne Chick Schuller, Assistant Attorney General, Tax Division, Bankruptcy Unit, Nashville, TN, for creditor.

Maria Salas, Rothschild & Associates, Nashville, TN, for debtor.

J. Michael Combs, Nashville, TN, for debtor.

Jeanne Chick Schuller, Assistant Attorney General, Tax Division, Bankruptcy Unit, Nashville, TN, for creditor.

Edgar Rothschild, Rothschild & Associates, Nashville, TN, for debtor.

Michael I. Mossman, Nashville, TN, for creditor.

James Flexer, Nashville, TN, for debtor.

Glenn Cox, Columbia, TN, for World Finance.

Eric V. Helmers, Nashville, TN, for First American Bank.

James Flexer, Nashville, TN, for debtor.

Perry Happle, Nashville, TN, for debtor.

Kevin Jones, Nashville, TN, for creditor.

Mark Podis, Nashville, TN, for debtor.

Melissa M. Kurtz, Nashville, TN, for creditor.

J. Michael Combs, Nashville, TN, for debtor.

M. Wesley Hall, III, Madison, TN, for creditor.

## ORDER

GEORGE C. PAINE, II, Chief Judge.

In each of these chapter 13 cases proofs of claims were filed after the deadlines in Federal Rule of Bankruptcy Procedure 3002[1], and the chapter 13 trustee moved to disallow the late filed claims.[2] 11 U.S.C. § 502 was

1. Federal Rule of Bankruptcy Procedure 3002 provides in part:

   **(c) TIME FOR FILING.** In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim, is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows: (1) A proof of claim filed by a governmental unit is timely filed if it is filed not later than 180 days after the date of the order for relief. On motion of a governmental unit, before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the governmental unit. . . .
   FED R.BANKR.P. 3002 (1998).

2. In all cases, an objection was raised by a creditor or the debtor(s) to the trustee's motion to disallow the late filed claims and the matters were set for hearing. The facts of the cases are similar:

   1. **No. 396–10336:** Postconfirmation and after the bar date for filing a proof of claim, the debtors sought to add Skinner's TV & Appliance, Inc. as a creditor to their chapter 13 plan. The debtors had failed to list Skinner TV & Appliance in their petition as a creditor. The creditor never received notice of that motion. Upon learning of the debtors' bankruptcy the creditor filed a proof of claim and sought relief from the stay. The parties resolved the stay relief motion by agreeing to valuation of the collateral and how the claim would be paid. The chapter 13 trustee then filed a motion to disallow the late filed claim pursuant to § 502(b)(9).

   2. **No. 396–10673:** Postconfirmation and after the bar date for filing a proof of claim, National City Bank learned of the debtor's bankruptcy filing. The debtor failed to list National City Bank as a creditor. The creditor filed a claim, and the chapter 13 trustee filed a motion to disallow the late filed claim pursuant to § 502(b)(9). National City Bank argues that the time for filing its proof of claim should be extended pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1)(2).

   3. **No. 397–01086:** Postconfirmation and after the bar date for filing a proof of claim, the IRS learned of the debtor's bankruptcy filing. The IRS was not listed in the debtor's schedules. The IRS filed a proof of claim after the bar date and the chapter 13 trustee filed a motion to disallow the late filed claim pursuant to § 502(b)(9).

   4. **No. 397–02580:** Postconfirmation and after the bar date for filing a proof of claim, the IRS learned of the debtors' bankruptcy filing. The IRS was not listed in the debtors' schedules. The IRS filed a proof of claim after the bar date and the chapter 13 trustee filed a motion to disallow the late filed claim pursuant to § 502(b)(2).

amended by Congress in 1994 to add subsection (b)(9) which provides that claims shall be allowed except to the extent that:

(9) **proof of such claim is not timely filed,** except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date or the order for relief or such time later as the Federal Rules of Bankruptcy Procedure may provide.

11 U.S.C. § 502(b)(9) (1998) (emphasis added). In chapter 13 cases, the 1994 amendment imposes disallowance as to the consequence of untimely filing without regard to whether the creditor has notice of the bar date. Section 509(b)(9) provides no statutory exceptions to its mandate that claims must be filed "timely."

The definition of "timely" in Bankruptcy Rule 3002 is of no help to creditors that neglect to file within the deadlines or are

5. **No. 397–04930:** The Internal Revenue Service filed a proof of claim after the 90 day bar. The chapter 13 trustee filed a motion to disallow the late filed claim pursuant to § 502(b)(9). The parties were attempting to settle this matter to allow the late filed claim without reducing the dividend to unsecured creditors.

6. **No. 397–07054:** SunTrust Bank filed a proof of claim after the 90 day bar. The chapter 13 trustee filed a motion to disallow the late filed claim. Although SunTrust did not appear or otherwise respond to the trustee's motion, the debtor advocated allowance of the claim based on an "equitable tolling" theory.

7. **No. 397–07974:** Postconfirmation and after the bar date for filing proofs of claims, the Tennessee Department of Human Services learned of the debtor's bankruptcy filing. Although the debtor had listed DHS in her petition, the address for service was incorrect. DHS then filed a proof of claim after the 90 day bar. The chapter 13 trustee filed a motion to disallow the late filed claim pursuant to § 502(b)(9). DHS requested allowance of the late filed claim or alternatively dismissal of the debtor's chapter 13 petition. The court denies DHS's request for dismissal at this time without prejudice.

8. **No. 397–08255:** Kroger Food Stores, C & S Rentals, Long Beach Mortgage, & the City of Clarksville filed proofs of claim after the bar date. It appears from the debtors' schedules that all of these creditors were given notice of the bankruptcy. The chapter 13 trustee filed a motion to disallow the late filed claims pursuant to § 502(b)(9). The debtor responded requesting all creditors be included.

9. **No. 397–08451:** Postconfirmation and after the bar date for filing a proof of claim, the debtor filed a motion to add creditors including the State of Tennessee. No objections were raised to the motion and an order was entered. The debtors' motion provided an additional 90 days to file a proof of claim. The State of Tennessee did file a proof of claim within the 90 days "granted" by the debtors. The chapter 13 trustee filed a motion to disallow the late filed claims pursuant to § 502(b)(9).

10. **No. 397–09263:** Postconfirmation and after the bar date for filing a proof of claim, Community Trust Bank, N.A. filed a proof of claim. The chapter 13 trustee filed a motion to disallow the late filed claim pursuant to § 502(b)(9).

11. **No. 397–09937:** Postconfirmation and after the bar date for filing a proof of claim, the debtor filed a motion to include additional creditors. The debtor's motion provided an additional 90 days to file proofs of claim. World Finance objected to the debtor's motion, but then agreed to inclusion and filed its claim within the debtor's 90 day extension. The chapter 13 trustee filed a motion to disallow the late filed claim pursuant to § 509(b)(9).

12. **No. 397–10246:** Postconfirmation and after the bar date for filing a proof of claim, the Tennessee Department of Safety learned of the debtor's bankruptcy filing. The Traffic Violations Bureau of the Tennessee Department of Safety filed a late filed proof of claim. The chapter 13 trustee filed a motion to disallow the late filed claim pursuant to § 502(b)(9).

13. **No. 397–10729:** Postconfirmation and after the bar date for filing a proof of claim, Ford Motor Credit Company filed a proof of claim. According to the debtor's confirmed plan, Ford holds both a secured and unsecured claim against the debtor. The chapter 13 trustee filed a motion to disallow the late filed claim pursuant to § 502(b)(9).

14. **No. 398–00170:** Postconfirmation and after the bar date for filing a proof of claim, unsecured creditor Donna Crowe learned of the debtors' bankruptcy filing. The debtors failed to schedule Crowe's debt. Crowe filed a proof of claim some four months after the bar date, and the trustee filed a motion to disallow the late filed claim pursuant to § 502(b)(9).

15. **No. 398–01003:** Postconfirmation and after the bar date for filing a proof of claim, the debtor filed a motion to add Hunters Pointe Apartments as a creditor. The debtor's notice provided that Hunters Pointe Apartments would have 90 additional days to file a proof of claim. Hunters Pointe Apartments filed a proof of claim within the 90 days. The chapter 13 trustee filed a motion to disallow the late filed claim pursuant to § 502(b)(9).

that are disabled to do so. Absent some equitable grounds to "toll" the claims deadline, the 1994 amendment to § 502 seems not to have contemplated the hardship for debtors and creditors of an immutable disallowance role in chapter 13 cases.[3]

 Failure of debtor to properly notice a creditor of bankruptcy clearly raises constitutional concerns with respect to the effects of confirmation and discharge. However, as § 502(b)(9) is presently written, the court is without legal or equitable grounds to allow a late filed proof of claim in a chapter 13 case, even absent proper notice of the bar date for filing proofs of claims.[4] The court must await legislative action to remedy this defect in the claims allowance process.

 Accordingly, the court will, without prejudice, overrule the objections to the chapter 13 trustee's motions to disallow the late filed claims pursuant to § 502(b)(9) in all of the above cases.[5]

It is therefore SO ORDERED.

---

3. None of the cases under consideration presented facts that would have allowed the "equitable tolling" of § 502(b)(9)'s deadlines. Lack of notice of the debtor's bankruptcy or the claims bar date is not enough.

4. Federal Rule of Bankruptcy Procedure 3004 provides limited relief in certain circumstances:

> **Rule 3004. Filing of Claims by Debtor or Trustee**
> If a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after the expiration of time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable....

FED.R.BANKR.P. 3004 (1998). The court offers no opinion as to whether Federal Rule of Bankruptcy Procedure 9006(b) is available to extend the 30 days in Rule 3004.

5. In the case of **Richard M. Castle,** case number 396–10073, National City Bank sought an enlargement of the time for filing its proof of claim pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1)(2).

> Federal Rule of Bankruptcy Procedure 9006(b)(1)(2) provides as follows:
> **Rule 9006. Time**
> **(b) ENLARGEMENT.**
> (1) IN GENERAL. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) **on motion made after the expiration of the specified peri-** od permit the act to be done where the failure **to act was the result of excusable neglect.**
> (2) ENLARGEMENT NOT PERMITTED. The court may not enlarge the time for taking action under Rules 1007(d), 1017(b)(3), 2003(a) and (d), 7052, 9023 and 9024.
> (3) ENLARGEMENT LIMITED. The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

Fed.R.Bankr.P. 9006(b) (1998) (emphasis added). *See In re Aboody,* 223 B.R. 36 (1st Cir. BAP 1998) (recognizing that "[t]he majority of courts have ruled ... that the excusable neglect standard applies only in Chapter 11."). *See Jones v. Arross,* 9 F.3d 79 (10th Cir.1993) (holding in a Chapter 12 case that the "excusable neglect" standard for allowing untimely proofs of claim applies only in Chapter 11); *Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.),* 920 F.2d 1428 (9th Cir.1990) (deadline for filing claims under Rule 3002(c) cannot be extended for excusable neglect); *U.S.I.R.S. v. Lee,* 184 B.R. 257 (W.D.Va. 1995) (governmental unit must timely file proof of claim in Chapter 13 case to share in distribution); *Gullatt v. United States of America (In re Gullatt),* 169 B.R. 385 (M.D.Tenn.1994) (holding that tardily filed claims not allowable in Chapter 13); *In re Wrobel,* 197 B.R. 289 (Bankr.N.D.Ill. 1996) (court is without power to waive deadline for filing claims in Chapter 13); *In re Lang,* 196 B.R. 528 (Bankr.D.Ariz.1996) (governmental unit cannot file late claim in Chapter 13 case, where request for extension of time to file claim is made after the bar date for governmental claims has passed); *In re Helton,* 183 B.R. 474 (Bankr. E.D.Ky.1995) (Fed.R.Bankr.P.3002(c) imposes absolute bar date against late claims in Chapter 13); *In re Thomas,* 181 B.R. 674 (Bankr.S.D.Ga. 1995) (allowance of late filed claim requires proof that creditor falls within enumerated exception of Fed.R.Bankr.P. 3002 in Chapters 7, 12 or 13, or proof that creditor's due process rights were violated or that creditor had previously

filed informal proof of claim); *In re Robert*, 171 B.R. 881, 884 (Bankr.N.D.Cal.1994) (bankruptcy court does not have discretion to allow governmental unit to file an untimely proof of claim in Chapter 13); *In re Friesenhahn*, 169 B.R. 615 (Bankr.W.D.Tex.1994) (governmental unit can not be granted leave to file claim in Chapter 13 after deadline fixed by Rule 3002(c)); *In re Jones*,

154 B.R. 816, 818 (Bankr.M.D.Ga.1993) (time to file proofs of claim in Chapter 7 and 13 cases extendable only for reasons listed in Rule 3002(c)).

Accordingly, the court must deny the request, pursuant to Rule 9006(b), to extend the time for filing a proof of claim in case number 396–10073.