**INTERNAL REVENUE SERVICE,**
Appellant,

v.

**Henry E. HILDEBRAND, III,**
**Trustee, Appellee.**

Nos. 3:99–0020, 3:99–0021, 3:99–0022.

United States District Court,
M.D. Tennessee,
Nashville Division.

Jan. 11, 2000.

Michael J. Martineau, (See above), for Internal Revenue Service, appellant. Henry Edward Hildebrand, III, Nashville, TN, for Henry E. Hildebrand, III, appellee.

Cowdell Alexander Meacham, LaVergne, TN, for Tonya Mae Brown, appellee, William Bryan Roehrig, III, Gallatin, TN, for Eugene Edward Toivonen, Anita Gail Toivonen, appellee, Sheri L. Gonyea, The Kennedy Law Firm, Clarksville, TN, for Doris Ann Berry, appellee.

## MEMORANDUM

ECHOLS, District Judge.

This is an appeal brought by the Internal Revenue Service ("Service") from an order entered by the United States Bankruptcy Court for the Middle District of Tennessee on December 15, 1998.[1] In that order, the Bankruptcy Court disallowed claims asserted by the Service in three separate Chapter 13 cases because proof of the claims was made after the 180–day statutory period prescribed in 11 U.S.C. § 502(b)(9). The Bankruptcy Court held that, even where the Service had received no notice of the pending bankruptcy, the statutory bar date was absolute and would be applied to preclude the government's claims.

By Order of February 9, 1999, the cases were consolidated for purposes of appeal. The Court has jurisdiction pursuant to 28 U.S.C. § 158(a). For the reasons discussed herein, the decision of the Bankruptcy Court is REVERSED.

## I. FACTS

The material facts of the cases are undisputed and set forth below.

### A. *In re Brown*

Tonya Mae Brown filed a voluntary Chapter 13 petition on February 4, 1997. She did not list the Service as a creditor in her Chapter 13 schedules or statements. Her plan was confirmed on March 13, 1997.

Pursuant to 11 U.S.C. § 502(b)(9), the bar date for the filing of claims by governmental units was August 3, 1997.

On September 1, 1998, the Service learned of Brown's bankruptcy proceeding, and two weeks later it filed a claim against her for $2,270.57. The Trustee then objected to these claims as untimely.

### B. *In re Toivonen*

Eugene and Anita Toivonen filed a voluntary Chapter 13 petition on March 17, 1997. They did not list the Service as a creditor in their schedules or statements, and they affirmatively stated in Schedule E that only two creditors, neither of them the Service, were entitled to priority status.

On May 20, 1997, the Bankruptcy Court confirmed the proposed plan, which provided a 100% distribution to unsecured creditors over sixty months, and provided for the payment of interest.

The bar date for the filing of claims by governmental units was September 13, 1997.

On July 31, 1998, the Service learned of the bankruptcy proceeding when the Toivonens filed an "Application to Add Creditors," which indicated that the Toivonens owed taxes for 1995, 1996, and 1997. The

---

1. That order, *In re McQueen*, 228 B.R. 408 (Bankr.M.D.Tenn.1998), applied to fifteen un-

related Chapter 13 cases, only three of which are the subject of this appeal.

following month, the Service filed a proof of claim for priority claims for the years 1995 and 1996 in the amount of $851.45. The Trustee subsequently objected to these claims as untimely.

## C. *In re Berry*

Doris Berry filed a voluntary Chapter 13 petition on May 21, 1997. She did not list the Service as a creditor on the schedules and statements submitted in support of her application, and she affirmatively stated on Schedule E that there were no creditors holding unsecured priority claims.

By order entered June 26, 1997, the Bankruptcy Court confirmed Berry's Chapter 13 plan providing a 20% dividend to general unsecured creditors and committed her disposable income to the Trustee for a period of sixty months.

The bar date for the filing of claims by governmental units was November 17, 1997.

The Service learned of Berry's bankruptcy proceeding on July 14, 1998, and filed a proof of claim on August 10, 1998, in the amount of $1,336.67. This amount was asserted as a priority claim resulting from unpaid income tax for the year 1995. The Trustee subsequently objected to the claim as untimely.

## D. *The Bankruptcy Court Decision*

On December 15, 1998, the Bankruptcy Court granted the Trustee's motions to disallow all Service claims filed outside the 180–day limitations period. *In re McQueen*, 228 B.R. 408 (Bankr.M.D.Tenn. 1998). The Bankruptcy Court held that, under 11 U.S.C. § 502(b)(9), this limitations period bars claims in Chapter 13 cases whether or not the creditor had notice of the bar date. The Service now appeals that ruling.

2. The claim of a governmental unit is untimely if filed 180 days or more "after the date of the order for relief or such later time as the

## II. STANDARD OF REVIEW

"On appeal, the district court may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." Fed.R.Bankr.P. 8013. The district court reviews the bankruptcy court's findings of fact under a clearly erroneous standard, while conclusions of law are reviewed de novo. *Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 961 (6th Cir.1993).

## III. DISCUSSION

In most cases, a debtor who completes his payments under a Chapter 13 plan is entitled to a discharge of all debts that are "disallowed" under § 502 of the Bankruptcy Code. 11 U.S.C. § 1328(a) (1999) ("§ 1328"). Claims filed by a governmental unit after the statutory bar date[2] are "disallowed" under § 502(b)(9), and thus are subject to discharge under § 1328. *See* 11 U.S.C. § 502(b)(9) (1999). Where the governmental unit received no notice of the Chapter 13 proceeding, however, the debtor may not be entitled to a discharge despite the language of §§ 1328 and 502(b)(9).

In the instant case, it is undisputed that (1) the IRS was not listed on the petitions on any of the debtors, (2) the debtors asserted that there were no creditors holding an unsecured priority claim, and (3) the IRS did not receive notice of any of the Chapter 13 filings in these three cases until the last date for filing claims had passed. Although the record does not indicate that the debtors intentionally sought to defraud the IRS out of its tax claims, the petition is false unless it correctly lists the names of creditors that are expressly given the right to notice of the bankruptcy filing. 11 U.S.C. § 1007 (1999) ("§ 1007"); *City of New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953). The Court

Federal Rules of Bankruptcy Procedure may provide." 11 U.S.C. § 502(b)(9) (1999).

also notes that it is generally known and statutorily mandated that all persons in the United States are subject to the payment of taxes under the various schemes of the IRS.

The seemingly rigidity of § 502(b)(9) does not automatically abrogate all the rights of a governmental unit to file a claim beyond the 180–day window if the debtor has fraudulently or · mistakenly failed to give the required notice under § 1007. A contrary ruling would serve to give more weight or preference for one section of the Bankruptcy Code (§ 1502(b)(9)) than to another (§ 1007). This Court is unaware of any history or Congressional intent that suggests such an interpretation.

▇▇▇ In Chapter 13 cases, "creditors are entitled to notice of ... the filing of the case, the first meeting of creditors and the dates by which creditors must file claims." *In re Friesenhahn,* 169 B.R. 615, 623 (Bankr.W.D.Tex.1994); *see* 11 U.S.C. § 342(a) (1993). Fundamental fairness requires that "federal governmental representatives who are responsible for collecting taxes ... [receive such] notice." *Collier on Bankruptcy* ¶ 342.02 (Lawrence P. King et al., eds., 15th ed., 1999). *See also Aboody v. United States (In re Aboody),* 223 B.R. 36, 40 (1st Cir. BAP 1998) (" 'Governmental entities are entitled to whatever statutory due process a given legislative scheme provides.' ") (quoting *Friesenhahn* at 622, n. 11); *United States v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087, 1089 (6th Cir.1990) ("Due process and equitable concerns require that when a creditor does not have notice or actual knowledge of a bankruptcy, the creditor must be permitted to file tardily when the creditor does so promptly after learning of the bankruptcy.") *SouthTrust Bankcard Center v. Curenton (In re Curenton),* 205 B.R. 967, 971 (Bankr.M.D.Ala.1995); Daniel R. Cowans, *Bankruptcy Law and Practice* § 12.5(c) (7th ed., 1998) (noting "fundamental fair-

ness" problem where government creditor does not receive notice).

Where neither actual nor constructive notice is given, the bar date prescribed by § 502(b)(9) is not effective. *See United States v. Hairopoulos (In re Hairopoulos),* 118 F.3d 1240, 1245 (8th Cir.1997) (creditors " 'have a right to assume that the statutory "reasonable notice" will be given them before their claims are forever barred' ") (quoting *City of New York,* 344 U.S. at 297, 73 S.Ct. 299). Rather, the bankruptcy court may apply equitable doctrines to allow what would otherwise be an "untimely" filing. *Gardenhire v. IRS (In re Gardenhire),* 220 B.R. 376 (9th Cir. BAP 1998); *United States v. Kennedy (In re H. & C. Table Co., Inc.),* 457 F.Supp. 858 (W.D.Tenn.1978). This result obtains despite the express language of § 502(b)(9), which should not be interpreted as imposing a bar date in abrogation of the long-standing principles of due process and fundamental fairness. *See, e.g., Aboody,* 223 B.R. at 40; *Cardinal Mine,* 916 F.2d at 1089.

The Sixth Circuit discussed the importance of providing notice to creditors, as well as basic due process considerations, in *United States v. Cardinal Mine Supply, Inc.:*

> Due process and equitable concerns require that when a creditor does not have notice or actual knowledge of a bankruptcy, the creditor must be permitted to file tardily when the creditor does so promptly after learning of the bankruptcy.... [N]otice and an opportunity to be heard [are] necessary before a party [can] be deprived of property....

*Id.*

When faced with situations where creditors have not received notice in Chapter 13 cases, other bankruptcy courts have utilized different remedies. Some of these were noted by this bankruptcy court in the case of *In re Stadaker,* No. 97–12297 (Bankr.M.D.Tenn. October 27, 1998). *See, e.g., In re Smith,* 217 B.R. 567 (Bankr. E.D.Ark.1998) (finding that [s]ince the

creditor did not have proper adequate notice of the bankruptcy case, due to the failure of the debtor to properly schedule that creditor, it is appropriate for the Court to allow the late-filed proof of claim); *Crites v. Oregon (In re Crites)*, 201 B.R. 277 (Bankr.D.Or.1996) (holding in a post-discharge case where the debtor failed to list the creditor, that the creditor's claim had not been "provided for" in the plan and therefore was not discharged); *In re Herndon*, 188 B.R. 562 (Bankr.E.D.Ky.1995) (finding that where creditor did not get proper notice of the bankruptcy, the creditor's late-filed proof of claim was disallowed, but debt was not discharged in bankruptcy) (holding the IRS's right to collect its claim was simply abated until plan payments were completed).

The Ninth Circuit Bankruptcy Appellate Panel, when confronted with a similar case involving lack of notice to the IRS, adopted the theory of "equitable tolling" of the § 502(b)(9) requirements in order to allow the late filing of a proof of claim by the IRS in a Chapter 13 case. *Gardenhire*, 220 B.R. 376.

To deem the claims barred under this circumstance would be fundamentally unfair. It would reward debtors who failed to fulfill the statutory requirement of listing all creditors and relieve the court system of its obligation to ensure that appropriate notice is provided.

Having carefully reviewed the record and considered all the facts and circumstances, the Court rules as follows: where a government unit receives no notice of entry of an order for Chapter 13 relief until after the period for filing claims has passed, that unit's claim is not automatically barred by 11 U.S.C. § 502(b)(9).

IV. CONCLUSION

Having reviewed the Bankruptcy Court's conclusions of law de novo, the Court finds the conclusions result from a construction of 11 U.S.C. § 502(b)(9) that disregards the requirements of 11 U.S.C.

§ 342(a). Accordingly, the Bankruptcy Court's decision is REVERSED. This case is REMANDED to the Bankruptcy Court for proceedings consistent with the Court's ruling that, where a government unit does not receive actual or constructive notice that a Chapter 13 case has been filed, the unit's claims are not, as a matter of law, automatically barred by 11 U.S.C. § 502(b)(9).