### In re Morris and Johnnie FUGATE, Debtors.

#### No. 98–14488.

United States Bankruptcy Court, N.D. California.

June 12, 2002.

Christopher G. Metzger, Law Offices of Christopher G. Metzger, Eureka, CA, for Debtors.

### *Memorandum re Omitted Creditor*

ALAN JAROSLOVSKY, Bankruptcy Judge.

In 1990, after a contested small claims court trial, creditor Tamara Bessette obtained a judgment for $2000.00 against debtor Johnnie Fugate. When Fugate and her husband Morris Fugate filed their Chapter 13 petition in 1998, they did not schedule the debt. There is no indication that Bessette had any knowledge of the bankruptcy proceedings until some time after May, 2001, when she sought to garnish Fugate's wages. A year later, in May, 2002, the Fugates filed the motion now before the court seeking to file a late claim on behalf of Bessette. The Fugates seem to presume that if their motion is granted Bessette would suddenly become subject to the terms of their plan, including its 10% dividend to unsecured credi-

tors, even though she never got an opportunity to object to its confirmation.

The law regarding the rights of omitted creditors in Chapter 13 cases is very unsettled, with dozens of lower court cases at odds with each other and no appellate cases for guidance. Both the Fugates and Bessette have made the matter simpler for themselves by ignoring all these cases. Bessette has filed a rambling brief of irrelevant nonsense and the Fugates have filed a two-paragraph brief which cites no cases and relies on § 726 of the Bankruptcy Code, which is not applicable to Chapter 13 cases.

Since there are no appellate cases for guidance, the court opts to follow *In re Kristiniak*, 208 B.R. 132, 136 (Bkrtcy. E.D.Pa.1997), and rule that there is no way, after the claims bar date has passed, to extend the date and force the creditor to participate in a plan to which it never had the chance to object. The court agrees that this result is justified "as a punishment for a fundamental bankruptcy sin, failing to list all creditors which are known or should have been known to the debtor."

For the foregoing reasons, the Fugates' motion will be denied. A separate order will be entered.