In re Fred NAMUSYULE, Debtor.

No. 02–00122.

United States Bankruptcy Court,
District of Columbia.

July 14, 2003.

Lloyd Malech, Esq., Washington, DC, for Maria Khangaa.

Edward V. Hanlon, Greenbelt, MD, for Fred Namusyule.

*DECISION RE DISALLOWING PROOF OF CLAIM AND DENYING CREDITOR'S MOTION FOR RECONSIDERATION*

S. MARTIN TEEL, JR., Bankruptcy Judge.

Under consideration is the debtor's Objection to Claim of Maria Khangaa ("creditor") (Docket Entry ("DE") No. 38, filed October 18, 2002) and the creditor's motion to reconsider the court's ruling of January 22, 2003 (DE No. 60, filed February 4, 2003). At a hearing held on January 22, 2003, the court sustained the debtor's objection to the creditor's claim and indicated that a written decision would be issued. The creditor filed her motion to reconsider before the court released its written decision. This decision, therefore, articulates the basis both for the court's January 22, 2003 ruling and for the denial of the creditor's motion to reconsider that ruling.

Apparently unaware of the debtor's bankruptcy, the creditor filed suit against the debtor in D.C. Superior Court on February 15, 2003. The creditor's lack of knowledge of the pending bankruptcy at the time it filed suit resulted from the debtor's failure to list the creditor on his original mailing matrix. The creditor's attorney, Lloyd A. Malech, was notified of the bankruptcy on February 26, 2002, one day after the first scheduled meeting of creditors. On March 25, 2002, the debtor amended his schedules to include the creditor, but listed the address of the creditor's attorney. The debtor's attorney accordingly sent the original notice of the commencement the case to the creditor's attorney rather than to the creditor herself. The bar date for filing proofs of claim in this case was May 26, 2002, as reflected in the notice sent to creditor's counsel. The creditor filed her proof of claim on May 30, 2002.

I

■ Under 11 U.S.C. § 502(b)(9), the court must disallow the creditor's claim as untimely filed. On the face of the Federal Rules of Bankruptcy Procedure, this court is not permitted to enlarge the period in which a creditor must file her proof of claim, even when the creditor had no notice of the case. F.R. Bankr.P. 9006(b)(3) explicitly provides that "[t]he court may enlarge the time for taking action under Rule[ ] ... 3002(c) ... **only to the extent and under the conditions stated in [Rule 3002(c)].**" (Bold lettering added.) F.R. Bankr.P. 3002(c) does not provide for an extension of the 90–day period for the debtor's failure adequately to notify the creditor of the bankruptcy.

■ However, some courts have sustained a creditor's right to file a proof of claim on due process grounds, for lack of proper notice,[1] as a constitutional right

---

1. When the debtor is the entity attempting to file a claim after the claims bar date has passed, and relies on lack of notice to the creditor, Rule 3002(c) is construed as barring the debtor's attempt to force the creditor to participate in the bankruptcy case: the claim is left to be dealt with outside any confirmed plan and remains unaffected by the chapter 13 discharge. *In re Fugate,* 286 B.R. 778, 779 (Bankr.N.D.Cal.2002); *In re Kristiniak,* 208 B.R. 132, 136 (Bankr.E.D.Pa.1997).

that overrides the express language of § 502(b)(9) and Rule 3002(c). *E.g., Aboody v. United States (In re Aboody),* 223 B.R. 36, 40 (1st Cir. BAP 1998); *I.R.S. v. Hildebrand,* 245 B.R. 287 (M.D.Tenn. 2000), *rev'g* 228 B.R. 408; *In re Faust,* 180 B.R. 432 (Bankr.D.S.C.1994) (chapter 12 case); *In re Anderson,* 159 B.R. 830, 836–39 (Bankr.N.D.Ill.1993) (citing cases); *In re Cole,* 146 B.R. 837, 840–43 (D.Colo. 1992).

Other courts have reasoned differently: Together, § 502(a) and Rule 3002(c) operate as a "strict statute of limitations." *SouthTrust Bankcard Ctr. v. Curenton (In re Curenton),* 205 B.R. 967, 970 (Bankr.M.D.Ala.1995). Bankruptcy courts are therefore without the authority to extend the deadline and allow an untimely filed proof of claim over an objection, under legal or equitable grounds, and even absent proper notice of the bankruptcy filing or the bar date for filing proofs of claims. *See In re Miranda,* 269 B.R. 737, 740 (Bankr. S.D.Tex.2001); *In re Bennett,* 278 B.R. 764, 765 (Bankr.M.D.Tenn.2001); *In re Johnson,* 262 B.R. 831, 845 (Bankr.D.Idaho 2001) ("[the court] is simply not permitted to equitably enlarge the time period for filing proofs of claim absent facts which place Creditors [sic] within one of the express exceptions of Rule 3002"); *In re Kristiniak,* 208 B.R. 132, 135 (Bankr.E.D.Pa.1997) (courts are precluded from exercising "any equitable extension of the bar date as a means of resolving the problem of an omitted creditor in a Chapter 13 case"); see also 4 KEITH M. LUNDIN CHAPTER 13 BANKRUPTCY §§ 283.1, 290.1 (3d ed.2000).

*In re Windom,* 284 B.R. 644, 646–47 (Bankr.E.D.Tenn.2002); *see also In re Brogden,* 274 B.R. 287, 293–94 (Bankr. M.D.Tenn.2001) (reasoning that creditor was not harmed because creditor had alternate remedies that protect it from the harm of not being able to file a proof of claim for lack of proper notice). The issue has been thrown into uncertainty based on the Supreme Court's decision in *Young v. United States,* 535 U.S. 43, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002), which applied the doctrine of equitable tolling to § 507(a)(8)(A)(i), and noted that "Congress must be presumed to draft limitations periods in light of this background principle." *See* Robert K. Coulter, *The Problem With Late Claims in Chapter 13,* 21 Am. Bankr. Inst. J. 8 (Sept.2002).

If (as the court concludes in part II) there was adequate notice, this first issue becomes academic. The court will thus assume, without deciding, that a creditor may file a proof of claim out of time if the creditor was not given notice of the case meeting due process requirements, regarding filing a proof of claim.[2]

## II

█ The court is satisfied that the creditor had ample notice of these bankruptcy

---

**2.** If the court followed the rule that the claim cannot be filed even if there was inadequate notice, the issue would still remain whether the debt would escape discharge by the debtor's chapter 13 discharge based on such alleged inadequate notice. Courts hold that the claim of a creditor that was unable to participate in a chapter 13 bankruptcy case, based on lack of notice, was not "provided for" by the chapter 13 plan and hence not discharged. *See United States v. Hairopoulos (In re Hairopoulos),* 118 F.3d 1240, 1245 (8th Cir.1997); *Crites v. Oregon (In re Crites),* 201 B.R. 277 (Bankr.D.Or.1996); *In re Herndon,* 188 B.R. 562 (Bankr.E.D.Ky.1995). The parties have addressed the issue of lack of notice, and the court accordingly believes the interest of justice will be served by addressing that issue instead of possibly denying filing of the claim as barred by its untimeliness regardless of lack of adequate notice.

proceedings to file her proof of claim, such that both the requirements of due process and the requirements of Rule 2002 have been met. Rule 2002 does not prescribe a minimum notice period for chapter 13 cases. *See* F.R. Bankr.P.2002(a)(7) (providing for twenty days' notice in chapter 9 and chapter 11 cases, but remaining silent as to chapter 13 cases). Due process, however, requires notice that is "reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response." *In re Aboody*, 223 B.R. at 39 (citation omitted).

■ Whether or not notice here was "reasonably calculated to reach all interested parties" turns on whether notice of the commencement of the case (and notice of the claims bar date) served on the creditor's attorney may be fairly imputed to the creditor herself. For the reasons discussed below, the court is persuaded that in this case, notice to the creditor's attorney is properly imputed to the creditor herself and thus that the notice was reasonably calculated to reach the creditor.

On similar facts, the court in *Linder v. Trump's Castle Associates* held that notice to a creditor's attorney is in certain circumstances properly imputed to the creditor itself. In that case, the debtor's claims agent certified that notice of the claims bar date was mailed to creditor's counsel, who was at the time representing the creditor in a personal injury action against the debtor. The district court affirmed the bankruptcy court's denial of the creditor's motion to file a proof of claim out of time, and specifically addressed the issue of notice:

> Some courts have held that notice to the attorney binds the client only when given in the context of his or her representation of the client in the bankruptcy case itself. *See Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir.1985) (citing 3 L. King, *Collier on Bankruptcy* § 523.13 (15th ed. 1984)) .... However, both *Maldonado* and the treatise conclude, and we agree, that ordinarily notice to the attorney can be imputed to the client if the attorney is representing the client regarding a claim against the debtor. Because [the attorney] was representing [the tort claimant] in her claim against [the debtor] at the time the notice was mailed, we concur with the bankruptcy court that if notice was properly served upon [the attorney] it may fairly be imputed to [the tort claimant].

*Linder v. Trump's Castle Assocs.*, 155 B.R. 102, 105 (D.N.J.1993).[3]

Addressing the sufficiency of notice on creditor's counsel of the time fixed for filing a dischargeability complaint, courts have routinely imputed notice on the creditor itself. *E.g., In re Schicke*, 290 B.R. 792, 802–03 (10th Cir. BAP 2003) ("An attorney may be an agent of his or her client, and notice to an agent-attorney can be imputed to the principal-client ... It is

---

**3.** The District of Columbia Rules of Professional Conduct, attached as Appendix A to and referred to in Rule X of the D.C. Court of Appeals' Rules Governing the District of Columbia Bar, provide in Rule 4.2(a) that:

> During the course of representing a client, a lawyer shall not communicate ... about the subject of representation with a party known to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the lawyer representing such other party or is authorized by law to do so.

Without deciding whether an attorney is precluded from giving notice of the bar date in a bankruptcy case to the opposing attorney's client directly, Rule 4.2(a) is nevertheless evidence that a communication to an opposing attorney of information intended for that attorney's client regarding the claim that is the subject of the representation, should be treated as a communication to the client.

**104**

generally held that an attorney who represents the creditor in matters against a debtor prepetition, such as in obtaining or collecting a judgment that will be affected by discharge, will be an agent of the creditor in the context of a debtor's bankruptcy case."); *In re Linzer,* 264 B.R. 243, 249 (Bankr.E.D.N.Y.2001) (same); *Slaiby v. Rassman (In re Slaiby),* 57 B.R. 770, 773 (D.N.H.1985) ("Notice to a creditor's attorney of a bankruptcy filing is usually held sufficient if the attorney received knowledge of it while representing his client in enforcing a claim against the bankrupt.").

In the instant case, creditor's counsel learned of the bankruptcy while pursuing an action against the debtor in the Superior Court. That alone, under *Linder* and the above-cited dischargeability cases would be sufficient to impute notice on the creditor. But here, far from representing the creditor only as to a non-bankruptcy matter, counsel has throughout these proceedings acted as the creditor's bankruptcy counsel. Most importantly, on May 6, 2002, counsel informed the chapter 13 trustee that he represented the creditor (20 days before the bar date for filing a proof of claim and 24 days before counsel filed the proof of claim).

Because counsel was representing the creditor in an action against the debtor in the Superior Court at the time he learned of the bankruptcy and because counsel has acted as bankruptcy counsel throughout these proceedings, the court holds that in this case, notice of the bar date mailed to the creditor's attorney may fairly be imputed to the creditor herself and thus that notice was reasonably calculated to reach the creditor.

The court is also persuaded that the creditor was afforded sufficient notice to file her proof of claim, both under Rule 2002 and under the constraints of due process. As discussed above, Rule 2002 is

silent as to the proper notice period for notifying creditors of the bar date in a chapter 13 case. However, even assuming that the 20–day requirement of 2002(a)(7) is applicable, notice here was clearly sufficient: the debtor notified the creditor more than 60 days before the bar date. The court further holds that where, as here, the creditor had formal notice of the bankruptcy more than 60 days before the bar date, and informal notice 89 days before the bar date, due process concerns have been more than satisfied. Where a creditor learns of a chapter 13 case in time to take meaningful action, even if the debtor fails formally to notify the creditor, due process has not been offended. *In re Aboody,* 223 B.R. at 40; *In re S.N.A. Nut Co.,* 198 B.R. 541, 544 (Bankr.N.D.Ill. 1996); *In re Dartmoor Homes, Inc.,* 175 B.R. 659, 670 (Bankr.N.D.Ill.1994).

### III

Lastly, the creditor's reliance on *Pioneer Investment Services Co.* is misplaced. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc.,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Rule 9006(b) provides for the extension of time in which to file claims in a chapter 13 case only for the reasons enumerated in Rule 3002(c), none of which are applicable in the instant case. *Pioneer,* 507 U.S. at 389 n. 4, 113 S.Ct. 1489 (noting that excusable neglect is not applicable to late claims under Rule 3002(c)). The court, therefore, readily rejects the creditor's "excusable neglect" argument.

### IV

For the foregoing reasons, the court will sustain the debtor's objection to claim and will deny the creditor's motion for reconsideration. The court's order follows.