**In re Frank G. MARSIAT d/b/a Rosario's Italian Restaurant, Debtor.**

**Bankruptcy No. 93–5853–8G3.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Oct. 3, 1994.

Dennis J. LeVine, for Frank G. Marsiat.

Terry E. Smith, Chapter 13 Trustee.

Philip Doyle, U.S. Dept. of Justice, Janet Reno, Atty. Gen., Larry Colleton, Asst. Atty. Gen., for U.S.

Benjamin A. de Luna, Dist. Counsel, for I.R.S.

## ORDER ON OBJECTION TO CLAIM NO. 11 OF INTERNAL REVENUE SERVICE

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came on for consideration on the Objection to Claim No. 15 of Internal Revenue Service filed by Frank G. Marsiat (Debtor). The Debtor objects to claim no. 15, which amends claim no. 11, because claim no. 11 was filed two days after the bar date for filing claims. In response to the objection, the IRS asserts that the failure to file a timely proof of claim is not a proper ground for disallowance of a claim under 11 U.S.C. § 502(b).

The facts relevant to the resolution of this controversy are as follows: On May 26, 1993, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The deadline to file a proof of claim was September 27, 1993, as shown by the "Notice of Commencement of Case under Chapter 13 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates" sent by the Clerk of the Court. As provided by Fed. R.Bankr.P. 3002, this date was 90 days after the first date set for the meeting of creditors. It is undisputed that the IRS received notice

of the bankruptcy filing and of the deadline to file claims. On September 29, 1993, the IRS filed proof of claim no. 11 asserting a secured claim in the amount of $23,500.00, an unsecured priority claim in the amount of $5,225.15, and an unsecured general claim in the amount of $10,947.72. The Debtor filed an Objection, asserting that the amounts listed in the claim were incorrect, that the secured claim should be less, and that the entire claim should be barred from distribution as a late filed claim. On February 22, 1994, the Court sustained the Debtor's objection to the amount of the claim, allowing the IRS to file an amended claim and reserving the other issues for subsequent determination.

On March 17, 1994, the IRS filed amended proof of claim no. 15 asserting a secured claim in the amount of $23,500.00, an unsecured priority claim in the amount of $5,853.06, and an unsecured general claim in the amount of $9,989.21. On March 22, 1994, the Debtor filed an Objection to Claim No. 15, asserting that the amended secured claim should be less, and that the entire amended claim should be barred from distribution because the original claim was untimely filed.

In response to the objection that the claim was not timely filed, the IRS asserts that the failure to timely file a proof of claim is not a proper ground for disallowance of a claim under 11 U.S.C. § 502(b). It is important to note that the IRS has not alleged any excusable neglect in failing to file a proof of claim before the bar date. The IRS relies on the en banc decision of the bankruptcy court for Minnesota in the case of *In re Hausladen*, 146 B.R. 557 (Bankr.D.Minn.1992), which held that the plain meaning of § 502 was that tardy or late filing is not one of the specific grounds for disallowing claims and, therefore, claims are not barred due to late filing. The primary focus of their reasoning is that § 502 of the Code, unlike the former Bankruptcy Act, is silent as to the time period for filing claims, thereby signalling a Congressional change in the treatment of late filed claims.

The *Hausladen* court also concluded that the Federal Rules of Bankruptcy Procedure cannot contradict the mandate of § 502 that claims shall be allowed "except to the extent that" the claims fall within one of the eight specific grounds for disallowance.[1] Fed.

---

1. Section 502(b), which prescribes the grounds on which a claim may be disallowed, states:

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;
>> (2) such claim is for unmatured interest;
>> (3) if such claim is for a tax assessed against property of the estate, such claim exceeds the value of the interest of the estate in such property;
>> (4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services;
>> (5) such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title;
>> (6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—

>>> (A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—
>>> (i) the date of the filing of the petition; and
>>> (ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus
>>> (B) any unpaid rent due under such lease without acceleration, on the earlier of such dates;
>> (7) if such claim is the claim of an employee for damages resulting from the termination of an employment contract, such claim exceeds—
>>> (A) the compensation provided by such contract, without acceleration, for one year following the earlier of—
>>> (i) the date of the filing of the petition; or
>>> (ii) the date on which the employer directed the employee to terminate, or such employee terminated, performance under such contract; plus
>>> (B) any unpaid compensation due under such contract, without acceleration, on the earlier of such dates; or
>> (8) such claim results from a reduction, due to late payment, in the amount of an otherwise applicable credit available to the debtor in connection with an employment tax on

R.Bankr.P. 3002(c) states that "a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors." According to this Rule, any claim filed more than 90 days after the meeting of creditors would be barred. Although Fed.R.Bankr.P. 3002 governs the procedures for the filing of claims, the *Hausladen* court found that the Code governs the substantive effect of failing to file claims in a timely fashion, and tardy or late filing is not one of specific grounds for disallowing claims.

The *Hausladen* court also argues that § 726 supports the conclusion that tardily filed claims should be allowed. Sections 726(a)(2)(C) and (a)(3) require tardily filed claims to be subordinated to timely filed claims for distribution purposes in Chapter 7 proceedings prior to any distribution of surplus funds to the debtor.[2] While acknowledging that no equivalent section of the Code exists in Chapter 13, the *Hausladen* court reasoned that the appropriate way to deal with late filed claims is through plan provisions, possibly subordinating them to timely filed claims.

The Debtor argues that the *Hausladen* case was wrongly decided and asks the Court to adopt the reasoning found in the en banc decision of the bankruptcy court for the Western District of Michigan in the case of *In re Zimmerman*, 156 B.R. 192 (Bankr. W.D.Mich.1993). In *Zimmerman*, although the state of Michigan was scheduled as a creditor, it filed a proof of claim after the expiration of the claims bar date. The only argument advanced by the Michigan Department of Treasury in support of allowing its claim was that the court should adopt the reasoning set forth in *Hausladen*.

The *Zimmerman* court held that the *Hausladen* rationale was flawed in two particular areas: its harmonization of § 502 and Fed.R.Bankr.P. 3002[3], and its failure to grasp the semantic problem of describing a time-barred claim as disallowed[4]:

> The relationship between § 502 and Fed.R.Bankr.P. 3002 evidences a substantive/procedural balancing. The enumerated grounds for denying allowance of a claim under § 502(b) are addressed to what has typically been considered substantive matters. By contrast, Fed.R.Bankr.P. 3002 concerns itself with the procedure which must be followed in filing a claim. It is concerned with the time and place of filing but is silent as to the substantive aspects of the claim. This complementary interpretation of § 502 and Fed.R.Bankr.P. 3002 is mandated by the presumption that the drafters of the rules did not intend to nor did they make substantive law when Fed.R.Bankr.P. 3002 was enacted.

.    .    .    .    .

The second error which the *Hausladen* court made resulted from an unfortunate double meaning which bankruptcy courts and practitioners commonly attach to the term "disallowed." Although that term

---

wages, salaries, or commissions earned from the debtor.

**2.** (a) Except as provided in section 510 of this title, property of the estate shall be distributed—

.    .    .    .    .

(2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—

.    .    .    .    .

(C) tardily filed under section 501(a) of this title, if—
(i) the creditor that holds such claim did not have notice or actual knowledge of the case under section 501(a) of this title; and
(ii) proof of such claim is filed in time to permit payment of such claim;
(3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection.

**3.** The *Hausladen* court concluded that Fed.R.Bankr.P. 3002 was hastefully drawn from the text of the former Rule 302 without paying attention to the major change in the underlying statute. Under the Bankruptcy Act, late claims were explicitly disallowed. The old Rule implemented this time bar. The *Hausladen* court stated that the time bar no longer exists under the Code or Rules and the allowance of claims is governed solely by § 502.

**4.** The *Hausladen* court only looked to the language in § 502 to determine if lateness was one of eight grounds for disallowance of a claim. It did not consider whether the claim was eligible to be considered under § 502.

appears nowhere in § 502, it is common to describe a claim that falls within § 502(b)'s enumerated exceptions as being "disallowed." Likewise, that term has been used with respect to claims that cannot be allowed because they are not filed "in accordance with" Fed.R.Bankr.P. 3002. However, the process of claims allowance involves several steps, and "disallowance" under these two provisions describes different events. The first step in the process is filing a claim. The substantive rights of various parties to file claims are found in § 501; the procedure for doing so is located in Fed.R.Bankr.P. 3002. Once filing is accomplished, the substance of the claim is considered under § 502. A claim may not be allowed because of defects at any of these steps. *Hausladen*, however, collapses the process into a single step....
*In re Zimmerman,* 156 B.R. at 197–198.

The analysis of the *Zimmerman* court reflects the majority view on this issue. The majority of courts have applied the literal meaning of Fed.R.Bankr.P. 3002(a) to require an unsecured creditor to file a proof of claim for the claim to be allowed, and claims filed after the bar date are barred. *See In re Stoecker,* 151 B.R. 989 (Bankr.N.D.Ill.1992); *In re Bailey,* 151 B.R. 28 (Bankr.N.D.N.Y. 1993); *In re Johnson,* 156 B.R. 557 (Bankr. N.D.Ill.1993); *In re Turner,* 157 B.R. 904 (Bankr.N.D.Ala.1993); *In re Messics,* 159 B.R. 803 (Bankr.N.D.Ohio 1993); *In re Crooker,* 159 B.R. 790 (Bankr.E.D.Ky.1993); *In re Osborne,* 159 B.R. 570 (Bankr.C.D.Cal. 1993); *In re Andrew,* 162 B.R. 46 (Bankr. M.D.Ga.1993).

While the Eleventh Circuit has not addressed this issue specifically, the case of *In re International Horizons, Inc.,* 751 F.2d 1213 (11th Cir.1985) supports the conclusion that an untimely filed claim may be barred. In that case, the Eleventh Circuit affirmed the decision of the bankruptcy court that an untimely filed proof of claim for corporate income taxes in a Chapter 11 case may be barred. Since the Chapter 11 bar date is set by bankruptcy courts pursuant to rule (Fed. R.Bankr.P. 3003(c)(3)) and not pursuant to statute, the Chapter 11 analogy, while not on point, may be considered.

The Court has carefully reviewed the *Hausladen* and the *Zimmerman* cases, and believes that the *Zimmerman* case is a better reasoned case and is consistent with Eleventh Circuit authority. The Debtor's objection to the entire claim of the IRS is sustained, and amended claim no. 15 of the IRS, which amends an untimely filed claim, is barred. Accordingly;

**IT IS ORDERED** that the Objection to Claim No. 15 filed by the debtor is sustained and the claim of the IRS claim is barred in its entirety.