**In re John V. BROGDEN, Debtor.**

**No. 3–00–04709.**

United States Bankruptcy Court, M.D. Tennessee.

Dec. 19, 2001.

Thomas J. Drake, Jr., Nashville, TN, for debtor.

Henry E. Hildebrand, III, Nashville, TN, Chapter 13 Trustee.

Michael J. Martineau, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue is whether 11 U.S.C. § 502(b)(9) disallows the untimely filed claim of the IRS when the IRS lacked timely notice of this Chapter 13 case. Section 502(b)(9) mandates disallowance and precludes the IRS's equitable arguments. The availability of other remedies quells the IRS's plea for "fundamental fairness." The following constitute findings of fact and conclusions of law. FED.R.BANKR.P. 7052(a).

### FACTS

The debtor filed Chapter 13 on June 1, 2000. The debtor did not list the IRS in the statement or schedules. The IRS's claim was not provided for by the plan confirmed on September 26, 2000.

Pursuant to 11 U.S.C. § 502(b)(9) and Federal Rule of Bankruptcy Procedure 3002(c)(1), governmental units had until November 28, 2000 to file timely proofs of claims. The IRS learned of this bankruptcy on January 16, 2001, during its audit of the debtor's return for tax year 1998. On January 24, 2001, the IRS filed a claim for $14,710.11.

The Chapter 13 trustee objected to the IRS's claim on the ground that it was untimely under 11 U.S.C. § 502(b)(9). If the IRS's claim is allowed, the confirmed plan cannot be consummated without a substantial increase in payments from the debtors.

The IRS counters that the deadline for filing a timely claim fixed by § 502(b)(9) should be equitably tolled when there is a failure of notice. The IRS urges that "fundamental fairness" precludes application of § 502(b)(9) when loss of participation in plan payments results from untimely notice.

### DISCUSSION

Section 502(b)(9) provides a filed claim is allowed except to the extent that:

> proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide.

11 U.S.C. § 502(b)(9). Bankruptcy Rule 3002(c)(1) accepts the statutory invitation by providing that the government can seek a later time for timely filing a proof of claim only by motion filed within the 180 days allowed by § 502(b)(9):

> A proof of claim filed by a governmental unit is timely filed if it is filed not later than 180 days after the date of the order for relief. On motion of a governmental unit before the expiration of such period and for cause shown, the court may ex-

tend the time for filing of a claim by the governmental unit.

FED.R.BANKR.P. 3002(c)(1).

Bankruptcy Rule 9006 further limits extensions of time to file timely claims:

(b) ENLARGEMENT.

\*　\*　\*　\*　\*　\*

(3) ENLARGEMENT LIMITED. The court may enlarge the time for taking action under Rule[ ] . . . 3002(c) . . . only to the extent and under the conditions stated in [that rule].

FED.R.BANKR.P. 9006(b).

 Section 502(b)(9) and Bankruptcy Rules 3002(c) and 9006(b)(3) are a comprehensive, unambiguous scheme that disallows untimely filed claims in Chapter 13 cases. The United States Court of Appeals for the Ninth Circuit explained this outcome in *Gardenhire v. IRS (In re Gardenhire)*, 209 F.3d 1145 (9th Cir.2000):

Section 502(b)(9), in providing that the time for a governmental unit to file its proof of claim shall be either 180 days 'or such later time as the Federal Rules of Bankruptcy Procedure may provide,' requires reference to the Bankruptcy Rules. Bankruptcy Rule 3002(c)(1) implements § 502(b)(9), providing that in cases under Chapter 7, 12, and 13 of the Bankruptcy Code, the government's proof of claim must be filed 'no later than 180 days after the date of the order for relief' in order to be deemed timely. Rule 3002(c)(1) thus reinforces the 180–day period provided for by the statute. Rule 3002(c)(1) also implements the 'such later time' language of § 502(b)(9), however, by allowing the bankruptcy court to extend the time for filing a proof of claim if three specific conditions are met: (1) the government moves for an extension, (2) the motion itself is filed before expiration of the 180–day period, and (3) cause for extension is shown.

Finally, Rule 9006(b)(3) provides reinforcement for the 180–day period established by § 502(b)(9) and Rule 3002(c)(1). Rule 9006(b) effectively prohibits retroactive enlargement of the 180–day period for filing proof of claim prescribed by Rule 3002(b)(1), providing that the bankruptcy court 'may enlarge the time for taking action under [Rule 3002(c)] only to the extent and under the conditions stated in [that rule].' Thus, under the Bankruptcy Code and Rules, (1) the government has a 180–day period in which to file its proof of claim and (2) this period can be expanded prospectively only, through a motion made prior to expiration of the period . . . . 'Rules 3002(c) and 9006(b) make the statutory minimum of 180 days into a rigid deadline in cases under chapters 7, 12, and 13 unless an extension is requested before the deadline expires.

In sum, the framework created by the interrelationship between § 502(b)(9) and Rules 3002(c)(1) and 9006(b)(3) clearly provides for a 180–day period in which a proof of claim by a governmental unit such as the IRS must be filed in order to be timely. This period is capable of expansion 'only' upon motion by the government made prior to expiration of the 180–day period and accompanied by a showing of cause.

*Gardenhire*, 209 F.3d at 1147–48.

 In Chapter 13 cases, the Code and Rules make no exception to the 180–day timeliness deadline when faulty notice or other circumstances disable a governmental creditor to file a timely claim. This omission seems not inadvertent because the Code explicitly allows tardy claims in **Chapter 7** cases when notice fails. Section 502(b)(9) itself, through nested exceptions and a cross reference to § 726(a), permits allowance of tardily-filed claims in Chapter 7 cases when "the creditor that

holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim." 11 U.S.C. § 726(a)(2)(C)(i) (incorporated by reference in 11 U.S.C. § 502(b)(9)). This statutory exception to the disallowance of untimely filed claims does not apply in Chapter 13 cases.

■ The careful language of § 502(b)(9) and Rules 3002 and 9006 precludes the IRS's invitation to construct equitable exceptions to the 180–day timeliness requirement. As the United States Court of Appeals for the Sixth Circuit has often reminded the bankruptcy courts: "We recognize[ ] certain inherent equitable powers of a bankruptcy judge, but we [have always] concluded that those powers 'must be exercised within the confines of the Bankruptcy Code.'" *Michel v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)*, 44 F.3d 1310, 1318 (6th Cir.1995) (quoting *Childress v. Middleton Arms, L.P. (In re Middleton Arms, L.P.)*, 934 F.2d 723, 724 (6th Cir. 1991) (quoting *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 969, 99 L.Ed.2d 169 (1988))); *Ray v. City Bank & Trust Co. (In re C–L Cartage Co.)*, 899 F.2d 1490, 1494 (6th Cir. 1990) ("Bankruptcy courts, however, cannot use equitable principles to disregard unambiguous statutory language.") *See also Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988) ("whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code").

■ The cases cited by the IRS in support of equitable exceptions to § 502(b)(9) are either fundamentally distinguishable or have been undermined by subsequent authority. In 2000, a district court in this district [1] held that "where a government unit receives no notice of entry of an order for Chapter 13 relief until after the period for filing claims has passed, that unit's claim is not automatically barred by 11 U.S.C. § 502(b)(9)." *IRS v. Hildebrand*, 245 B.R. 287, 291 (M.D.Tenn.2000).

After the district court decision in *Hildebrand*, the allowance of tardy claims in a Chapter 13 case was again presented to the bankruptcy court in *In re Bennett*, No. 200–01189 (Bankr.M .D.Tenn. Aug. 24, 2001). In *Bennett*, Judge Harrison held that the plain language of § 502(b)(9) and Rules 3002(c) and 9006(b) precluded application of equitable tolling to allow a tardy claim filed by a creditor without timely notice of the Chapter 13 case. Addressing the conflicting decision in *Hildebrand*, Judge Harrison explained that the district court in *Hildebrand* relied heavily on the Ninth Circuit Bankruptcy Appellate Panel's decision in *Gardenhire v. IRS (In re Gardenhire)*, 220 B.R. 376 (9th Cir. BAP 1998). *See Hildebrand*, 245 B.R. at 290. However, after the district court's opinion in *Hildebrand*, the Ninth Circuit BAP's decision in *Gardenhire* was reversed by the United States Court of Appeals for the Ninth Circuit. *Gardenhire v. IRS*, 209 F.3d 1145 (9th Cir.2000). The Ninth Circuit explicitly rejected the BAP's conclusion relied upon by the district court in *Hildebrand*: "[A]pplication of equitable tolling to the 180–day period for governmental units to file proofs of claim pursuant to section 502(b)(9) ... is inconsistent with the plain meaning of the Bankruptcy Code and Rules[.]" *Gardenhire*, 209 F.3d at 1152.

The Sixth Circuit has not addressed the question whether § 502(b)(9) disallows

---

1. In a multi-judge federal district the opinion of any one district judge is persuasive but not controlling authority except for purposes of preclusion. *See, e.g., Barringer v. EAB Leasing (In re Barringer)*, 244 B.R. 402, 404 (Bankr.E.D.Mich.1999).

late-filed claims in Chapter 13 cases when the creditor lacks timely notice. The district court in *Hildebrand* cited *United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087 (6th Cir.1990), to support the holding that § 502(b)(9) is not effective when notice to creditors is defective. *Hildebrand*, 245 B.R. at 290. *Cardinal Mine Supply*, and a similar case decided by the Sixth Circuit three years later, *IRS v. Century Boat Co.*, *(In re Century Boat Co.)*, 986 F.2d 154 (6th Cir.1993), are Chapter 7 cases that predate the 1994 enactment of § 502(b)(9). In both cases the Sixth Circuit addressed a peculiarity in § 726 of the Code with respect to distribution rights of a priority creditor without timely notice that files a tardy claim in a Chapter 7 case. Section 726 seems to say that a creditor otherwise entitled to priority under § 507 that files a tardy claim because it did not have timely notice loses its priority and falls to the same level of distribution in a Chapter 7 case as general unsecured creditors that filed tardy claims in spite of timely notice. In *Cardinal Mine Supply*, the Sixth Circuit avoided this disturbing interpretation of § 726 by holding that a priority creditor with untimely notice that files a tardy claim does not lose its distribution priority in a Chapter 7 case.

Three years later, in *Century Boat*, the Sixth Circuit refined and perhaps limited the *Cardinal Mine Supply* holding. Noting that the Bankruptcy Code (in 1993) carefully defined the priority of claims but gave no specific attention to the time for filing claims, the Sixth Circuit said of *Cardinal Mine Supply*:

> *Cardinal Mine Supply* did not establish the rule that a priority creditor who files an untimely proof of claim because it did not receive notice of the bankruptcy will always receive priority distribution despite the untimely filing. We simply decided then, and we reaffirm today, the

principle that a priority creditor who fails to receive notice of the bankruptcy and consequently files an untimely proof of claim is not barred from receiving priority distribution as a matter of law. Generally, every creditor will adhere to the timing requirements established in Bankruptcy Rule 3002. *Cardinal Mine Supply* established a narrow exception for priority creditors who lack notice of the bankruptcy. Not every priority creditor, however, may invoke the holding in *Cardinal Mine Supply*.

*Century Boat*, 986 F.2d at 158.

After the Sixth Circuit reported *Cardinal Mine Supply* and *Century Boat*, Congress enacted § 502(b)(9) of the Bankruptcy Code with its specific 180–day bar to allowance of governmental claims and its specific exception for tardy claims in Chapter 7 cases only.

In 1995, in a Chapter 13 case filed before the effective date of the 1994 legislation, the Sixth Circuit distinguished *Century Boat* and *Cardinal Mine Supply* to conclude that untimely-filed claims are disallowed in Chapter 13 cases:

> Though this action is controlled by the Bankruptcy Code in effect prior to the 1994 amendments ... the 1994 amendments add subsection (9) to the enumerated grounds for disallowance of claims contained in 11 U.S.C. § 502(b).... Though this provision does not govern this action (because it is not retroactive), the amendment reveals Congress' intent to demand that claims be timely filed.

*United States I.R.S. v. Chavis*, 47 F.3d 818, 823 (6th Cir.1995). The Sixth Circuit went on to explain that "fundamental differences between Chapter 7 and Chapter 13 bankruptcies" support a strict disallowance rule with respect to untimely-filed claims in Chapter 13 cases:

In a Chapter 7 action the debtor's non-exempt assets are liquidated and the proceeds are distributed to the creditors. Accordingly, even late-filed claims must be paid before any distribution to the debtor may be made. In a Chapter 13 action, the debtor retains the assets in exchange for an agreement to make periodic payments to the creditors. The payments to the creditors must equal or exceed the amount that the creditors would receive under Chapter 7. *See* 11 U.S.C. § 1325(a)(4). If late-filed claims are not barred in Chapter 13 actions, it would not be possible to determine, with finality, whether a Chapter 13 plan satisfies this standard. Moreover, because Chapter 13 serves as a flexible vehicle for the repayment of allowed claims, all unsecured creditors seeking payments under a Chapter 13 plan must file their claims in a timely basis so that the efficacy of the plan may be determined in light of the debtor's assets, debts and foreseeable earnings.

*Chavis,* 47 F.3d at 824.

The creditor in *Chavis* had timely notice of the Chapter 13 case. But, in *Chavis,* the Sixth Circuit acknowledges that the 1994 enactment of § 502(b)(9) undermined the premise in *Century Boat* and *Cardinal Mine Supply* that the Bankruptcy Code considers the priority of claims "more important" than the timeliness of filing. More pertinently, *Chavis* recognizes that Chapter 13 cases are fundamentally different than Chapter 7 cases with respect to the importance of the timely filing of claims. *See also United States v. Simon (In re Burnham, Connolly, Oesterle & Henry),* No. 95–1306, 1996 WL 580475, *4 (6th Cir. Oct.8, 1996) ("In a Chapter 13 case where notice was received, this circuit seems to have held that tardiness in the filing of a proof of claim bars recovery altogether.... [T]he *Chavis* panel ... stressed the differences between Chapter

7 and Chapter 13 bankruptcies.... [I]t is clear that section 726, with its explicit contemplation of untimely but allowed claims, applies by its terms only to Chapter 7, not to Chapter 13.").

*Chavis* did not address the question whether untimely notice to a governmental unit in a Chapter 13 case would propagate exceptions to the plain language of § 502(b)(9). In this regard, the district court in *Hildebrand* cited *United States v. Hairopoulos,* 118 F.3d 1240 (8th Cir.1997). In *Hairopoulos,* the Eighth Circuit interpreted "provided for" in § 1328(a) of the Bankruptcy Code to preclude *discharge* when the IRS did not file any proof of claim because it did not have notice of conversion from Chapter 7 to Chapter 13. For obvious reasons, there is no discussion in *Hairopoulos* of the timeliness requirement for allowance of claims in § 502(b)(9). With respect to the *discharge* of debt in a Chapter 13 case, the Eighth Circuit said this about the statutory and constitutional rights of a creditor without notice:

> Both statutory and constitutional implications arise when a creditor fails to receive adequate notice of the bankruptcy proceedings.... The constitutional component of notice is based upon a recognition that creditors have a right to adequate notice and the opportunity to participate in a meaningful way in the course of bankruptcy proceedings.

*Hairopoulos,* 118 F.3d at 1244. The Eighth Circuit cited *Cardinal Mine Supply* for the proposition that "[a]lthough the government does not have a constitutional right to due process," the government does have a right to "fundamental fairness" that is "akin to due process." *Hairopoulos,* 118 F.3d at 1244 n. 3.

This case is not about *discharge* of debt. The trustee here objects to *allowance* of the IRS's claim but concedes that untimely

notice would preclude *discharge* of the IRS's debt. This court expresses no opinion whether Congress has or could discharge the claim of the IRS under the circumstances of this case.[2]

With respect to the IRS's untimely claim in this Chapter 13 case, § 502(b)(9) does not offend "fundamental fairness" or the IRS's statutory right to notice because the Bankruptcy Code arms the IRS to protect its rights notwithstanding disallowance of its claim. Unlike the liquidating Chapter 7 circumstances in *Century Boat* and *Cardinal Mine Supply*,[3] disability to participate in plan distributions in this Chapter 13 case is not dispositive of the IRS's right to recover its debt from the debtor or from the debtor's property. The disallowance rule in § 502(b)(9) is balanced by at least six remedies, almost all of which offer substantial advantages to the IRS over participation in plan payments:

**1. Relief from stay for cause under § 362(d)(1).** A creditor barred from distributions by lack of notice can show cause for relief from the stay in a Chapter 13 case. Relief from the stay would permit the IRS to exercise all of its collection rights against the debtor. The IRS would be free to execute on the debtor's property and income. The IRS could impose liens on the debtor's property. The IRS could demand postpetition interest—a right it loses if it has an allowed claim provided for by the plan. The IRS can immediately seek to collect all of its debt without waiting the three to five year period for payments under the plan. Relief from the stay better positions the IRS to collect its tax debt than allowance of its (untimely) claim.

In fact, an informed debtor would never fail to list the IRS because lack of notice puts the debtor at substantial risk that the IRS's claim will not be discharged and that the tax debt will accrue postpetition interest and penalties that would not be payable if the IRS claim is allowed and paid through the plan.

**2. Dismissal for cause under § 1307(c).** Failure to give notice to the IRS, especially if the government's claim is large, could constitute cause for dismissal of the Chapter 13 case. Not unlike relief from the stay, dismissal would return the IRS to its more advantageous pre-Chapter 13 position of collecting its entire debt including accruing interest and penalties without fear of discharge or the binding effect of a confirmed plan.

**3. Conversion to Chapter 7 under § 1307(c).** Especially if there are assets that could be liquidated by a trustee, lack of notice could be cause for conversion. Conversion to Chapter 7 would substantially advantage the IRS. Conversion to Chapter 7 restricts the dischargeability of taxes and opens the door to recovery of postpetition interest that would not be paid in a Chapter 13 case.

**4. Relief from the confirmation order.** Lack of notice is a compelling ground for relief from the confirmation order under Rules 59 or 60 of the Federal Rules of Civil Procedure (Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure). Relief from the confirmation order would be the predicate for challenging the plan and

---

**2.** "Fundamental fairness" in the discharge context is a slippery notion given the explicit provision for discharge of disallowed claims in § 1328(a) and the statutory "exception" to disallowance *only* in *Chapter 7* cases in § 502(b)(9).

**3.** *See also City of New York v. New York, New Haven & Hartford R.R. Co.,* 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953) ("reasonable notice" required before reorganization plan forfeits nonrecourse creditor's lien).

otherwise forcing the debtor to deal with the IRS's debt notwithstanding disallowance of its untimely claim. Once relieved of the confirmation order the IRS might seek a plan provision for the payment of its tardy claim. *See United States v. Waindel (In re Waindel)*, 65 F.3d 1307 (5th Cir.1995).

**5. Revocation of confirmation under § 1330.** If the debtor intentionally omitted notice to the IRS, the bankruptcy court might conclude that confirmation was procured by fraud for purposes of revocation of confirmation under § 1330(a). Revocation of confirmation under § 1330 is a predicate for conversion or dismissal under § 1307(c)(7).

**6. Exception to discharge.** On various theories, reported decisions hold that the failure to give notice precludes the discharge of a debt at the completion of payments under § 1328(a). *See Hairopoulos*, 118 F.3d at 1244–46 ("However, a claim cannot be considered to have been provided for by the plan if a creditor does not receive proper notice of the proceedings."); *SouthTrust Bankcard Ctr. v. Curenton (In re Curenton)*, 205 B.R. 967, 971 (Bankr.M.D.Ala.1995) ("This court holds that any debt not adequately listed in debtor's schedules is not 'provided for by the plan.' "); *see also Crites v. Oregon (In re Crites)*, 201 B.R. 277, 281–82 (Bankr.D.Or.1996); *Avery v. United States*, 134 B.R. 447 (Bankr.N.D.Ga.1991). An exception to discharge would permit the IRS to collect postpetition interest and penalties that would otherwise be lost if the IRS claim is allowed and paid through the plan.

Section 502(b)(9) as implemented by Bankruptcy Rules 3002(c) and 9006 plainly provides that an untimely claim is disallowed in a Chapter 13 case without regard to why the claim was untimely. Congress defined this outcome with the enactment of § 502(b)(9) in 1994 and there is no resort to equitable exceptions. "Fundamental fairness" is not implicated because the Bankruptcy Code otherwise preserves the IRS's collection rights against the debtor.