In re Kim D. MCNEELY, Sharon L. McNeely, Debtors.

Charles J. DeHart, III, Standing Chapter 13 Trustee, Objectant,

v.

Pennsylvania Bureau of Unemployment Compensation Benefits and Allowances, Respondent.

No. 1–02–05205MDF.

United States Bankruptcy Court, M.D. Pennsylvania.

May 11, 2004.

Gregory S. Hazlett, Mechanicsburg, PA, for Debtors.

Charles J. DeHart, III, Hummelstown, PA, trustee.

## OPINION

MARY D. FRANCE, Bankruptcy Judge.

Before me is an objection filed by Charles J. DeHart, III, Standing Chapter 13 Trustee ("Trustee") to a proof of claim filed after the expiration of the bar date by the Pennsylvania Bureau of Unemployment Compensation Benefits and Allowances ("Respondent"). The claim is for pre-petition compensation payments Respondent made to Debtor Sharon McNeely ("Debtor"). After compensation was paid, Respondent determined that Debtor was ineligible to receive the benefits. Respondent argues that its proof of claim should be allowed because it was filed within twenty days of the date Respondent first received notice of Debtors' bankruptcy case. The issue thus joined is whether lack of notice of a bankruptcy filing acts to extend the deadline for filing a proof of claim. The Court heard argument on the matter and the parties have submitted supporting cases. The matter is ready for decision.[1]

### Procedural and Factual Background

Debtors' case was filed on September 24, 2002. The schedules did not list Respondent as a creditor, and Respondent had no knowledge of the filing. The general bar date for proofs of claim was set for March 19, 2003, with governmental claims due by March 24, 2003. The Chapter 13 Plan, which did not address Respondent's claim, was confirmed on January 28, 2003. On August 27, 2003, Debtors filed a proof of claim on behalf of Respondent, and notice of the filing was issued to Respondent by the Clerk's office on Septem-

---

1. I have core jurisdiction to hear this matter pursuant to 28 U.S.C. § 157(b)(2)(B). This Opinion and Order constitute findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7052, which is applicable to contested matters pursuant to FRBP 9014.

ber 4, 2003.[2] Respondent then filed the instant proof of claim on September 19, 2003, to which the Trustee filed an objection on November 18, 2003.[3] The Trustee objected to Respondent's proof of claim because it was filed after the bar date for government creditors. A hearing was held, at which time the Trustee represented that he could provide case law from within this District to support his position that a late filed claim must be disallowed. The Court left the record open to permit the Trustee to submit a transcript of a hearing and bench order of Chief Judge John J. Thomas and to hear further argument by the parties. After the transcript was received, the Court set another hearing for May 5, 2003. Respondent filed a brief immediately prior to the hearing.

### Discussion

■ Respondent's brief acknowledges a split among the circuits regarding whether a late filed proof of claim may be allowed when the claimant did not receive notice of the bankruptcy until after the claims bar date. Courts addressing the matter have advanced competing policies regarding whether or not the Code's interest in protecting the finality of a Chapter 13 plan should prevail over a creditor's right to notice before its claim may be affected. *See, Jones v. Arross,* 9 F.3d 79 (10th Cir. 1993) (late filing of claims is prohibited by Fed.R.Bankr.P. 3002(c)); *United States v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087 (6th Cir.1990) (untimely claim allowable where timely notice of filing was not provided to the claimant). The Trustee relies on *Jones* as applied in the bench decision by Judge Thomas in which he held that a tardy proof of claim could not be allowed

in a Chapter 13 plan and that both the creditor and the debtor were bound by the Plan. *In re William Bower,* Case No. 5–02–05205 (heard September 16, 2003). Judge Thomas determined that the tardy claim was not allowed, but that the debt was not discharged because the debtor failed to provide for the claim in the confirmed plan.

Section 502 of the Bankruptcy Code provides for the allowance and disallowance of claims. A claim is deemed allowed if no objection is filed to a creditor's proof of claim. If an objection to the claim is filed, the court must determine the validity and amount of the claim, subject to the limitations of § 502(b). In 1994, Section 502(b) of the Bankruptcy Code was amended to clarify that tardily filed claims must be disallowed unless they are filed under § 726(a) or otherwise are permitted to be filed late under the Federal Rules of Bankruptcy Procedure. 11 U.S.C. § 502(b)(9), *see* 140 Cong. Rec. H 10,768 (October 4, 1994). "The deadline in this rule has been strictly construed as a sort of statute of limitations that cannot be extended for any reason except for those explicitly enumerated situations in which the bankruptcy court may extend the deadline. (citations omitted)." *In re Wright,* 300 B.R. 453, 458–59 (Bankr.N.D.Ill.2003). Rule 3002(c)(1) provides that a proof of claim filed by a governmental unit is timely if it is filed not later than 180 days from the date of the order for relief. A court may extend the time to file a claim, but only if a motion for extension is filed before the expiration of the period and for cause shown. Fed. R. Bankr.P. 3002(c)(1). A court's general power to enlarge time as set forth in Rule 9006(b) is limited by the

---

**2.** Debtors withdrew the proof of claim filed on behalf of Respondent on November 6, 2003.

**3.** Respondent's proof states that its claim is secured, but the documentation attached to the proof suggests that the lien was filed post-petition.

requirements of Rule 3002(c). Fed. R. Bankr.P. 9006(b)(3). *See In re Gardenhire,* 209 F.3d 1145 (9th Cir.2000) (proof of claim by government entity filed beyond 180–day period permissible only upon motion made before period expires and upon cause shown). "In Chapter 13 cases, the Code and Rules make no exception to the 180–day timeliness deadline when faulty notice or other circumstances disable a governmental creditor to file a timely claim." *In re Brogden,* 274 B.R. 287, 289 (Bankr.M.D.Tenn.2001). Therefore, this Court agrees with Judge Thomas that a bankruptcy court has no authority under the Code or the Rules to grant Respondent leave to file a late claim.

■ This result, however, does not imply that Respondent is without a remedy. The claims approval process is subject to the requirements of due process. As stated by the Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), a requirement of due process is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." As the cases cited above have held, a debtor cannot discharge a debt to a claimant who has not received notice of the bankruptcy case in time to protect its claim. *Jones,* 9 F.3d at 81–82; *Cardinal Mine,* 916 F.2d at 1092. *See also In re Brogden,* 274 B.R. at 288; *In re Wright,* 300 B.R. at 467.

■ Section 1328(a) provides that a debtor obtains "a discharge of all debts provided for by the plan or disallowed under section 502 of this title." 11 U.S.C. § 1328(a). A creditor who is not listed in the schedules or matrix, who receives no notice of the filing of the bankruptcy, and who is not referenced in the plan, either generally or specifically, has not been

"provided for" in the plan. *In re Wright,* 300 B.R. at 468; *In re Brogden,* 274 B.R. at 294; *In re Crites,* 201 B.R. 277, 278–81 (Bankr.D.Or.1996); *In re Tipton,* 118 B.R. 12, 13–14 (Bankr.D.Conn.1990); *Matter of Pack,* 105 B.R. 703, 705–706 (Bankr. M.D.Fla.1989). Therefore, assuming Debtors complete their plan, Respondent's claim will not be discharged as will other claims that were properly provided for in Debtors' plan.

■ Respondent may choose to wait until Debtors' case is closed to pursue its claim. However, there are at least two possible remedies available now to Respondent. First, Respondent may seek relief from the stay to properly create and enforce its lien. Second, Respondent may file a motion to dismiss the case or convert it to Chapter 7. Lack of notice to a creditor may constitute cause for dismissal of a case or conversion to Chapter 7. *See In re Brogden,* 274 B.R. at 293–294.

■ Section 502(b)(9) and Rule 3002(c) clearly provide that a tardy claim, even if filed late through no fault of the claimant, is disallowed in a Chapter 13 case. However, the failure to provide adequate notice to the claimant bars Debtors from discharging the debt.

An appropriate Order follows.

### ORDER

AND NOW, this 11th day of May, 2004, the Trustee's objection to the late filed proof of claim of the Pennsylvania Bureau of Unemployment Compensation Benefits and Allowances is hereby sustained, and the claim is disallowed. It is further ORDERED that the claim is not discharged by an Order entered pursuant to 11 U.S.C. § 1328(a) in the within case.