**In re Thomas Otto JENSEN and Sharon Lee Jensen, Debtors.**

**No. 8:04BK22283PMG.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 27, 2005.

Louis J. Brunoforte, Esquire, Spring Hill, FL, for Debtors.

Ivan Jac Reich, Esquire, Becker & Poliakoff, Fort Lauderdale, FL, for Claimant, Mary J. Wolf.

## ORDER ON MOTION TO FILE PROOF OF CLAIM

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion to File Proof of Claim filed by Mary J. Wolf(Wolf), a creditor of the Debtor, Thomas Otto Jensen.

The issue is whether Wolf should be permitted to file a Proof of Claim after the expiration of the claims bar date, on the grounds that she was not listed as a creditor on the Debtor's schedules, and did not receive timely notice that the Debtor had filed a petition under Chapter 13 of the Bankruptcy Code.

## A. Background

The material facts are not disputed. Wolf is the former spouse of the Debtor, Thomas Otto Jensen. On September 12, 2001, Wolf obtained a Judgment against the Debtor in the Circuit Court for Oakland County, Michigan, for support arrearages in the amount of $22,050.62. Wolf thereafter attempted to register the Judgment in Hernando County, Florida, the county in which the Debtor currently resides.

On November 16, 2004, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code. Wolf was not listed as a creditor on the Schedule of Liabilities filed by the Debtor, and also was not listed on the creditor matrix submitted by the Debtor.

The bar date for filing Claims in the Chapter 13 case was March 28, 2005. On May 16, 2005, Wolf filed the Motion to File Proof of Claim that is presently under consideration. Generally, Wolf seeks permission to file her claim as a late claim, because she did not receive notice of the deadline to file the claim, and also because the claim is nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code.

## B. The Code and the Rules

Wolf's Motion should be denied. The resolution of this matter is governed by § 502(b)(9) of the Bankruptcy Code, and by Rule 9006(b)(3) and Rule 3002(c) of the Federal Rules of Bankruptcy Procedure. Specifically, § 502(b)(9) of the Bankruptcy Code provides:

**11 USC § 502. Allowance of claims or interests**

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects.

.        .        .        .        .

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, *if such objection to a claim is made*, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and *shall allow such claim* in lawful currency of the United States in such amount, *except to the extent that—*

.        .        .        .        .

(9) *proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1),*

*(2), or (3) of section 726(a)* of this title or *under the Federal Rules of Bankruptcy Procedure, ....*

11 U.S.C. 502(b)(9)(Emphasis supplied). Section 502(b)(9) expressly refers to the filing of late claims in Chapter 7 cases pursuant to § 726 of the Bankruptcy Code, and also expressly refers to the Federal Rules of Bankruptcy Procedure. The filing of late claims in Chapter 13 cases is governed by Rule 9006(b) and Rule 3002(c) of the Federal Rules of Bankruptcy Procedure. Rule 9006(b)(3) provides:

**Rule 9006. Time**

.    .    .    .    .

**(b) ENLARGEMENT.**

.    .    .    .    .

(3) ENLARGEMENT LIMITED. The Court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), *3002(c)*, 4003(b), 4004(a), 4007(c), 8002, and 9033, *only to the extent and under the conditions stated in those rules.*

Fed.R.Bankr.P. 9006(b)(3)(Emphasis supplied). Pursuant to Rule 9006(b), therefore, the time periods set forth in Rule 3002(c) may only be extended in accordance with the specific terms set forth in Rule 3002(c). Rule 3002(c) governs the filing of claims in Chapter 7, Chapter 12, and Chapter 13 cases.

**Rule 3002. Filing Proof of Claim or Interest**

.    .    .    .    .

**(c) TIME FOR FILING.** In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than *90 days after the first date set for the meeting of creditors* called under § 341(a) of the Code, *except as follows:*

Fed.R.Bankr.P. 3002(c)(Emphasis supplied). The Rule then lists five specific exceptions to the 90-day deadline for filing claims. The five exceptions relate to (1) claims by a governmental unit, (2) claims by an infant or incompetent person, (3) claims arising from a postpetition judgment against the claimant, (4) claims arising from the postpetition rejection of an executory contract or unexpired lease, and (5) claims in a chapter 7 case in which a "notice of no dividend" had previously been issued.

■ Accordingly, the combined effect of § 502(b)(9), Rule 9006(b)(3), and Rule 3002(c) is to prohibit the filing of late claims in chapter 13 cases over an objection, except under the narrowly defined circumstances listed in the Rule.

**C. Historical background of § 502(a)(9)**

Section 502(a)(9) was added to the Bankruptcy Code by the Bankruptcy Reform Act of 1994 (§ 213(a), Pub.L. 103–394) to address the issue of late filed claims. Prior to this amendment, untimely filing was not provided by the statute as an exception to the allowance of a claim. The requirement for timely filing was contained in the rules, in substantially the form that it exists today. Courts were divided on the treatment of late filed claims in Chapter 13 cases. Some courts allowed late filed claims in Chapter 13 cases, since there was no statutory basis for disallowing such claims. See *In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn.1992). Other courts barred untimely claims. See *In re Zimmerman,* 156 B.R. 192 (Bankr.W.D.Mich. 1993). The majority of courts at the time concluded that untimely claims were barred in Chapter 13 cases. See *In re Marsiat,* 184 B.R. 846, 849 (Bankr. M.D.Fla.1994).

The Bankruptcy Reform Act of 1994 added § 502(a)(9) to provide untimely filing as a statutory basis for disallowance of a claim. "The amendment to section 502(b) is designed to overrule *In re Hausladen*, 146 B.R. 557 (Bankr.D.Minn.1992), and its progeny by disallowing claims that are not timely filed." (HR Rep 103–835, 103rd Cong., 2nd Sess 48 (Oct 4, 1994); 140 Cong. Rec. H10768 (Oct. 4, 1994), U.S.Code Cong. & Admin.News 1994, pp. 3340, 3357).

### D. The cases

Courts that have addressed the interaction of § 502(b)(9), Rule 9006(b)(3), and Rule 3002(c) since 1994 have consistently concluded that the three provisions reflect Congress' intent to create an absolute bar date for filing claims in Chapter 13 cases.

In *In re McNeely*, 309 B.R. 711 (Bankr. M.D.Pa.2004), for example, the Court indicated that Congress' intent in this regard is expressed in the current version of § 502(b)(9).

> In 1994, Section 502(b) of the Bankruptcy Code was amended to clarify that tardily filed claims must be disallowed unless they are filed under § 726(a) or otherwise are permitted to be filed late under the Federal Rules of Bankruptcy Procedure.
>
> .    .    .    .    .
>
> Section 502(b)(9) and Rule 3002(c) clearly provide that a tardy claim, even if filed late through no fault of the claimant, is disallowed in a Chapter 13 case.

*In re McNeely*, 309 B.R. at 713–14. In *In re Barnes*, 2004 WL 3135459 (Bankr. D.Dist.Col.), the Court found that Congress' intent is further evidenced by its specific inclusion of a provision in Chapter 7 for the allowance of late claims under certain conditions.

Rule 9006(b)(3) prohibits enlargement of the bar date other than as permitted by Rule 3002(c), and none of the exceptions of Rule 3002(c) apply here. · Rule 3002(c) controls the filing of claims in chapter 7 of the Bankruptcy Code as well as chapter 13, and so it is instructive to examine the treatment of late claims in chapter 7. Chapter 7, in contrast to chapter 13, permits a tardily filed claim to share in the same manner as a timely filed claim if "the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim" and if "proof of such claim is filed in time to permit payment of such claim." 11 U.S.C. § 726(a)(2)(C). *Congress' failure to adopt a similar rule for chapter 13 is strong statutory evidence that tardily filed claims in chapter 13 are not to share in· distributions under a confirmed chapter 13 plan even when the creditor was not given notice of the bankruptcy case until after the bar date.*

*In re Barnes*, 2004 WL 3135459, at *1(Emphasis supplied). Similarly, in *In re Windom*, 284 B.R. 644, 646 (Bankr.E.D.Tenn. 2002) the Court noted that Rule 3002(c) governs the time for filing claims in chapter 13 cases, and that Rule 9006(b)(3) establishes the date set forth in Rule 3002(c) as an "uncompromising deadline."

> Together, § 502(a) and Rule 3002(c) operate as a "strict statute of limitations." (Citation omitted.) Bankruptcy courts are therefore without the authority to extend the deadline and allow an untimely filed proof of claim [in a Chapter 13 case] over an objection, under legal or equitable grounds, and even absent proper notice of the bankruptcy filing or the bar date for filing proofs of claims.

*In re Windom*, 284 B.R. at 646. Finally, the collective operation of § 502(b)(9),

Rule 9006(b)(3), and Rule 3002(c) was also addressed in *In re Brogden*, 274 B.R. 287 (Bankr.M.D.Tenn.2001).

> Section 502(b)(9) as implemented by Bankruptcy Rules 3002(c) and 9006 plainly provides that an untimely claim is disallowed in a Chapter 13 case without regard to why the claim was untimely. Congress defined this outcome with the enactment of § 502(b)(9) in 1994 and there is no resort to equitable exceptions.

*In re Brogden*, 274 B.R. at 294. See also *In re Hernandez*, 2004 WL 962208 (Bankr. S.D.Fla.), in which the Court adopts the analysis and conclusions set forth in *Brogden*. "Section 502(b)(9) and Bankruptcy Rules 3002(c) and 9006(b)(3) are a comprehensive, unambiguous scheme that disallows untimely filed claims in Chapter 13 cases." *In re Hernandez*, 2004 WL 962208, at *2(quoting *In re Brogden*, 274 B.R. at 289).

In discussing the prohibition against the allowance of untimely claims in chapter 13 cases, however, Courts have generally noted that the harsh consequence of the rule is alleviated by the inability of the debtor to discharge any debt of a creditor who did not receive notice of the case.

> Section 1328(a) provides that a debtor obtains "a discharge of all debts provided for by the plan or disallowed under section 502 of this title." 11 U.S.C. § 1328(a). A creditor who is not listed in the schedules or matrix, who receives no notice of the filing of the bankruptcy, and who is not referenced in the plan, either generally or specifically, has not been "provided for" in the plan. (Citations omitted.) Therefore, assuming Debtors complete their plan, Respondent's claim will not be discharged as will other claims that were properly provided for in Debtors' plan.

*In re McNeely*, 309 B.R. at 714. See also *In re Barnes*, 2004 WL 3135459, at *2(The rights of a creditor who did not receive notice of the case are protected by the ineffectiveness of the plan to discharge their claims, since they were not "provided for" by the plan within the meaning of § 1328(a), and since the creditors may seek relief from the automatic stay.); and *In re Windom*, 284 B.R. at 647(An unscheduled creditor is not "totally prejudiced" by the disallowance of its claim, because its claim will not be discharged under § 1328 of the Bankruptcy Code.)

In addition, the Court in *In re Brogden*, 274 B.R. at 293, describes other remedies that may be available for creditors that file claims late in Chapter 13 cases.

### E. Application

■ In this case, the Debtors have conceded that Wolf's claim is not "provided for" in their chapter 13 plan, and that the claim therefore will not be discharged upon the conclusion of their case. (Transcript, pp. 10–11). Additionally, the Debtors did not oppose a Motion for Relief from Stay filed by Wolf, and the automatic stay has therefore been modified to permit Wolf to pursue her remedies in another forum. (Doc. 55).

Consequently, even though the Court is "without power to enlarge the chapter 13 claims filing bar date" to permit Wolf to file her claim in this case, *In re Barnes*, 2004 WL 3135459, at *2, Wolf is not without a remedy, and may proceed in another court to collect the nondischargeable debt that she alleges is owed to her.

Accordingly:

**IT IS ORDERED** that the Motion to File Proof of Claim filed by Mary J. Wolf is denied.