**In re David Daniel STONE, Debtor.**

**No. 8:11–bk–18371–KRM.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 14, 2012.

Kelley M. Petry, Tampa, FL, for Debtor.

## ORDER DENYING MOTION TO DEEM PROOFS OF CLAIMS TIMELY FILED

K. RODNEY MAY, Bankruptcy Judge.

THIS CASE came on for hearing on April 4, 2012, for consideration of MSMC Venture, LLC's Motion to Deem Its Proofs of Claims Filed Timely (Doc. No. 29) and supplements thereto (Doc. Nos. 39, 40 and 41). For the reasons stated orally and recorded in open court on May 16, 2012, which shall constitute the decision of this Court, as supplemented herein, the Motion is denied and the claims of MSMC Venture, LLC are disallowed in their entirety.

## BACKGROUND

Daniel David Stone ("Debtor"), through counsel, filed his voluntary Chapter 13 petition with the Court on September 29, 2011. On October 4, 2011, a Notice was issued to all creditors, including MSMC, setting the claims bar date for February 13, 2012 (Doc. No. 7).

On February 14, 2012, counsel for MSMC filed four proofs of claims for various debts totaling $671,108.38.[1] Accompanying the late-filed claims, MSMC's counsel also filed the underlying Motion requesting that the Court consider the claims timely filed. The Debtor timely objected to each of the claims as time barred.

In support of its Motion, MSMC has offered two arguments as to why the Court should permit its claims. First, MSMC suggests that the equitable powers

---

1. Claim No. 4 for $277,668.92 partially secured (First Mortgage on 1237 Bermar Street, Fort Myers, FL—$3,000 secured); Claim No. 5 for $283,059.52 partially secured (First Mortgage on 1017 Brenton Avenue, Lehigh Acres, FL—$61,649 secured); Claim No. 6 for $51,140.39 unsecured (Second Mortgage on 1237 Bermar Street, Fort Myers, FL); and Claim No. 7 for $59,239.55 unsecured (Second Mortgage on 1017 Brenton Avenue, Lehigh Acres, FL).

granted pursuant to section 105(a) permit the Court to authorize late filed claims outside of the Bankruptcy Rules. Alternatively, MSMC suggests that the untimely filing of the claims constitutes excusable neglect and should therefore be allowed pursuant to Bankruptcy Rule 9006(b)(1). Unfortunately, the plain language of the Bankruptcy Code and the accompanying Bankruptcy Rules forbids the Court from utilizing either of these proffered bases for relief.

## DISCUSSION

Pursuant to Bankruptcy Rule 3002(c), proofs of claims are considered timely in a Chapter 13 case if filed within 90 days of the first date set for the meeting of the creditors. Additionally, there are six exceptions within Rule 3002(c) which permit a claim to be deemed timely even if it is filed after the 90 day deadline. *See* Fed. R.Bankr.P.3002(c). None of the aforementioned exceptions apply in this instance. As such, under the plain language of section 502(b)(9), the Court should deny MSMC's claim as tardily filed. *See* 11 U.S.C. § 502(b)(9); *In re Jensen,* 333 B.R. 906 (Bankr.M.D.Fla.2005).

In relevant part, section 502(b)(9) states that a tardily filed claim that has been objected to shall not be allowed by the Court unless otherwise permitted under the Federal Rules of Bankruptcy Procedure. *See* 11 U.S.C. 502(b)(9). Given the somewhat Draconian result in the present instance, it is important to briefly highlight the history of section 502(b)(9). As Judge Glenn has previously summarized:

> Section 502(a)(9) was added to the Bankruptcy Code by the Bankruptcy Reform Act of 1994 (§ 213(a), Pub.L. 103–394) to address the issue of late filed claims. Prior to this amendment, untimely filing was not provided by the statute as an exception to the allowance

of a claim. The requirement for timely filing was contained in the rules, in substantially the form that it exists today. Courts were divided on the treatment of late filed claims in Chapter 13 cases. Some courts allowed late filed claims in Chapter 13 cases, since there was no statutory basis for disallowing such claims. *See In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn.1992). Other courts barred untimely claims. *See In re Zimmerman,* 156 B.R. 192 (Bankr. W.D.Mich.1993). The majority of courts at the time concluded that untimely claims were barred in Chapter 13 cases. *See In re Marsiat,* 184 B.R. 846, 849 (Bankr.M.D.Fla.1994).

> The Bankruptcy Reform Act of 1994 added § 502(a)(9) to provide untimely filing as a statutory basis for disallowance of a claim. "The amendment to section 502(b) is designed to overrule *In re Hausladen,* 146 B.R. 557 (Bankr. D.Minn.1992), and its progeny by disallowing claims that are not timely filed." (HR Rep 103–835, 103rd Cong., 2nd Sess. 48 (Oct. 4, 1994), 1994 U.S.C.C.A.N. 3340; 140 Cong. Rec. H10768 (Oct. 4, 1994), U.S. Code Cong. & Admin. News 1994, pp. 3340, 3357).

*In re Jensen,* 333 B.R. at 908–09.

Together, the clear language of section 502(b)(9); the express Congressional intent behind its enactment; and prior precedent make it clear that the Court is precluded from invoking section 105(a) in this instance. As such, in light of the Debtor's objection, the Court may not excuse the tardiness of the filing unless such tardiness is forgiven under the Federal Rules of Bankruptcy Procedure. *See* 11 U.S.C. § 502(a)(9).

MSMC suggests that Rule 9006(b)(1) should apply to permit the Court to hold that the tardily filed claim constituted excusable neglect. However,

Rule 9006(b)(1) is expressly subject to 9006(b)(3). *See* Fed. R. Bankr.P. 9006(b)(1) ("[e]xcept as provided in paragraphs (2) and (3) of this subdivision ...").  The express language of Rule 9006(b)(3) states that "the court may enlarge the time for taking action under Rule ... 3002(c) ... only to the extent and under the conditions stated [within Rule 3002(c)]." *See* Fed. R.Bankr.P. 9006(b)(3).  As such, the "excusable neglect" standard of 9006(b)(1) does not apply to Chapter 13 cases.  Because Rule 3002(c) was applicable in setting the claims bar date, and none of the six exceptions contained therein are applicable in this instance, MSMC's neglect in failing to timely file its claim may not be excused.  *See e.g. In re Jensen,* 333 B.R. at 910; *In re McNeely,* 309 B.R. 711 (Bankr.M.D.Pa.2004); *In re Brogden,* 274 B.R. 287 (Bankr.M.D.Tenn.2001).

■ Rule 3002(c) is an "uncompromising deadline," which, together with section 502(b)(9), operates as a "strict statute of limitations" as to a late claim if it is objected to by the Debtor.  *See In re Windom,* 284 B.R. 644, 646 (Bankr.E.D.Tenn.2002) ("[b]ankruptcy courts are therefore without the authority to extend the deadline and allow an untimely filed proof of claim").  Accordingly, it is

**ORDERED** that:

1. MSMC Venture, LLC's Motion to Deem Its Proofs of Claims Filed Timely is denied.

1. Claims Nos. 4, 5, 6 and 7 filed by MSMC Venture, LLC are hereby stricken and disallowed in their entirety.

DONE and ORDERED.